Guadalupe Ibarra JOSLIN, Appellant,

v.

Marcos Garza JOSLIN, Appellee.

No. 2599.

Court of Appeals of Texas,
Corpus Christi.

June 17, 1982.

Rene Haas, Eric Brown, Corpus Christi, for appellant.

Hector De Pena, Jr., Corpus Christi, for appellee.

## OPINION

PER CURIAM.

Appellant has filed a motion for rehearing on this Court's denial of her motion for extension of time to file the statement of facts. The final judgment of the trial court was signed on December 15, 1981. A motion for new trial was filed and overruled by order signed on February 18, 1982. Pursuant to Rule 386, T.R.C.P., the statement of facts was due to be filed in our Court on or before March 25, 1982.

In her unverified motion for extension of time to file the statement of facts, appellant states that the statement of facts was not requested from the court reporter until April 5, 1982, or eleven days after the statement of facts was due to be filed. Appellant states that her inability to file the statement of facts within the time required is due to her lack of funds to prosecute this appeal. Appellant adds that the statement of facts was not requested sooner because appellant's attorney was in trial at the time and miscalculated the dates the statement of facts was due. Appellant's motion for extension of time was denied on April 22, 1982.

Appellant has attached to her motion for rehearing an affidavit from the attorney who miscalculated the due date of the statement of facts. Appellant's attorney states that it was her mistaken impression that the statement of facts was to be filed within 60 days of the time the transcript was filed with the Court of Appeals. She states that she became aware of the correct

procedure only after she employed an attorney who offices with her to prepare the appellant's brief.

■ Tex.R.Civ.P. 21c(1) states:

"An extension of time may be granted for late filing in a Court of Civil Appeals of a transcript, statement of facts . . . if a motion reasonably explaining the need therefor is filed within fifteen (15) days of the last date for filing as prescribed by applicable rule or rules."

The term "reasonably explaining" means any plausible statement of circumstances indicating that the failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertance, mistake, or mischance. *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977). Case law reveals that each motion under Rule 21c rests on its own facts. Petitioner has the burden to reasonably explain the need for an extension. *Hildyard v. Fannel Studio, Inc.*, 547 S.W.2d 332 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.).

■ Appellant's attorney states in her affidavit that the reason for her failure to timely request the preparation of the statement of facts was her mistaken belief that the statement of facts was due within 60 days of the time the transcript was filed in this Court. We do not believe this excuse is a reasonable explanation. Unlike a situation where the attorney is aware of the rule and time for filing the statement of facts, however, miscalculates the correct date of filing, appellant's attorney impliedly admits that she was mistaken as to what the rule said and, therefore, did not timely request the preparation of the statement of facts. We believe that appellant's attorney's failure to familiarize herself with the basic rules of appellate practice constitutes negligence on her part and cannot be condoned. As we stated in *Southern Pacific Transportation Company v. Yendrey*, 605 S.W.2d 676 (Tex.Civ.App.—Corpus Christi 1980, no writ), in discussing what constitutes "reasonable explanation":

"The minimum conduct may be something less than diligence, but it must be greater than negligence and indifference.

An error resulting from indifference, negligence or disregard is not based on a plausible explanation, and therefore cannot be considered to be reasonable. See: *Hildyard v. Fannel Studio, Inc.*, 547 S.W.2d 332 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.) and cases cited therein; and *Rutherford v. Jones*, 584 S.W.2d 710 (Tex.Civ.App.—Dallas, no writ); *Brice v. Brice*, [581] 481 S.W.2d 699 (Tex.Civ.App.—Dallas 1979, no writ); *Taft v. Wolma*, 541 S.W.2d 673 (Tex.Civ. App.—San Antonio 1976, no writ); *Fortune v. Fortune*, 532 S.W.2d 411 (Tex.Civ. App.—Austin 1976, no writ); cf. *Scheffer v. Chron*, 560 S.W.2d 419 (Tex.Civ.App.— Beaumont 1977, writ ref'd n. r. e.)."

The phrase "miscalculation of the due date": is not the talisman by which all extensions of time will be automatically granted, but rather is only the threshold fact after which the circumstances leading to the miscalculation will be closely scrutinized in accordance with the above stated standard. We believe that an attorney who intends to appeal a case is responsible for becoming familiar with the rules of appellate procedure and must determine the due dates of the various papers that are to be filed with our Court. Failure to do this will not provide a reasonable explanation.

We hold that appellant has not offered a reasonable explanation for her failure to timely request the preparation of the statement of facts. Appellant's motion for rehearing of our previous denial of her motion for extension of time is OVERRULED.