**HOME INSURANCE COMPANY,**
**Appellant,**

v.

**Lisandro ESPINOZA, Appellee**

**and**

**HOME INSURANCE COMPANY,**
**Appellant,**

v.

**Michael ROBLES, Appellee.**

**No. 2746cv.**

Court of Appeals of Texas,
Corpus Christi.

.Aug. 26, 1982.

Rehearing Denied Sept. 16, 1982.

**45**

Kathryn Snapka, Corpus Christi, for appellant.

Richard Flores, James C. Harrington, San Juan, George P. Powell, McAllen, for appellee.

## OPINION

PER CURIAM.

Appellant has filed its motion for extension of time in which to file the cost bond. Judgment was signed on April 13, 1982. Appellant's motion for new trial was filed on May 11, 1982. This being the case, appellant's cost bond was due to be filed by July 12, 1982, ninety days following the signing of the judgment. Rule 356(a), T.R. C.P. (Vernon's Supp.1982). This was not done. Appellant's motion for new trial was overruled by operation of law on June 28, 1982. Rule 329b(c), T.R.C.P. (Vernon's Supp.1982). While we do not have the transcript before us, it appears from appellant's motion that a hearing on its motion for new trial was scheduled for July 27, 1982. On that date the trial court erroneously attempted to reschedule the hearing for September 10, 1982.

Rule 356(b) of our Rules of Civil Procedure permits this Court to grant a party an extension of time in which to file the cost bond if within fifteen days of the due date appellant files the cost bond and also a motion for extension of time reasonably explaining its tardiness. Appellant's attorney explains her failure to file the cost bond in a timely fashion as being "not in any way deliberate or intentional, rather, it was the result of mistake on the part of this attorney as to when the appeal bond should be filed relying upon the trial court's setting for the Motion for New Trial." This does not constitute a reasonable explanation within the contemplation of Rule 356(b), and we deny appellant's motion.

The term "reasonably explaining" as it is used throughout our Rules of Civil Procedure means any plausible statement of circumstances indicating that the failure to file within the prescribed period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex.1977). The Dallas Court of Appeals has held that a miscalculation of the due date may constitute such a reasonable explanation. *United States Fire Insurance Co. v. Stricklin,* 547 S.W.2d 338, 339 (Tex. Civ.App.—Dallas 1977, no writ). We do not believe, however, that the instant situation is analogous to one wherein the attorney is aware of the correct requirements of the rule and time for filing, but inadvertently miscalculates the due date. *Joslin v. Joslin,* 636 S.W.2d 519 (Tex.App.—Corpus Christi, 1982, no writ). In the case at bar, as in *Joslin,* the attorney impliedly admitted that she was mistaken as to the requirements under the rule, somehow having gleaned the impression that the cost bond need not be filed if a hearing on the motion for new trial is still pending. If this were true, there would never be any basis for having a rule, and Rule 356(a) makes it clear that it is the date upon which judgment is signed that determines the filing date for the cost bond. See *Mays v. Foremost Insurance Co.,* 627 S.W.2d 230, 232 (Tex.App.—San Antonio 1981, no writ). The pendency of a motion for new trial does not in any way affect a party's obligation to proceed with the proper perfection of its appeal.

We hold that appellant's failure to timely file its cost bond was the result of the attorney's failure to adequately familiarize herself with the basic rules of appellate procedure. This does not constitute a reasonable explanation. Accordingly, we overrule appellant's motion.

### OPINION ON MOTION FOR REHEARING

Appellant has filed a motion for rehearing of our denial of its motion for extension of time to file cost bond.

**46**

Appellant relies on the case of *Onoray Davis Trucking Co., Inc. v. Lewis,* 635 S.W.2d 622 (Tex.App.—Houston [14th Dist.] 1982, writ filed) for the proposition that a cost bond filed in the wrong court constitutes "reasonable explanation" for the late filing of the cost bond and that therefore, the same reasoning should apply where the cost bond is not timely filed because of counsel's mistake as to the requirements of the appellate rules.

Appellants reasoning is misplaced. First, appellant states that in *Davis* a reasonable explanation for the late filing of an *appeal bond* was given (emphasis added). This is incorrect. In *Davis* the appeal bond was timely filed however, since the trial court clerk was awaiting receipt of the appeal bond before commencing preparation of the transcript, the transcript was not prepared and ready when due. Thus, under the facts of *Davis,* the appellant's explanation for the late filing of the transcript was that the clerk needed more time to prepare and file the transcript. The Houston court found this explanation to be reasonable and granted appellant's motion.

■ It is clear that the lateness in requesting preparation of the statement of facts (or transcript, as in this case) is an element to be considered in determining whether an extension of time should be granted. *Southern Pacific Transport Company v. Teresa Yendrey and Ricky Wood,* 605 S.W.2d 676 (Tex.Civ.App.—Corpus Christi 1980, no writ). We presume the Houston Court considered all of the attendant facts and circumstances necessary and considered them to be reasonable. The facts in *Davis* are distinguishable from our case. Appellant's motion for rehearing is OVERRULED.