Mary THORNTON, et al., Petitioner,

v.

FENELON FUNERAL HOME,
Respondent.

No. C–1443.

Supreme Court of Texas.

March 9, 1983.

Rehearing Denied March 30, 1983.

Mehaffy, Garcia & Bradford, John D. Stone and H.S. Garcia, Beaumont, for petitioner.

Rienstra, Rienstra & Dowell, Gerald R. Flatten, Beaumont, for respondent.

ROBERTSON, Justice.

This is an appeal from a denial of a request for an extension of time for filing the statement of facts in the court of appeals. The question for this Court is whether that court abused its discretion in overruling the motion. Tex.R.Civ.P. 21c. We hold, under the facts of this case, that the court of appeals abused its discretion in not permitting the late filing and so remand the cause.

This case arose when Mary Thornton sued Fenelon Funeral Home for negligently delivering the body of her husband to LaBeau, Louisiana for services and burial. Fenelon asserted that the body was presentable when they left the casket at the site where the wake was to be held. After trial to a jury, which found no negligence on the part of Fenelon, judgment was rendered May 21, 1981, that Thornton take nothing. Shortly thereafter, Thornton discovered the whereabouts of a witness who was sought during the trial but could not be found. Her affidavit stated that she saw Fenelon deliver the body and leave it for viewing in an unacceptable condition.

Based on this newly discovered evidence, Thornton filed a motion for new trial on June 16. Rule 324.[1] The motion did not assert any error in the original proceedings; rather, it relied solely on the new testimony concerning the funeral home's negligence not available at trial. The filing of this motion made the statement of facts due in the court of appeals on August 31. Rule 386. A hearing was held on the motion on June 26; however, the trial judge never acted on it, and the motion was thus overruled by operation of law on August 4.

The appeal was timely perfected on August 18, and the statement of facts was requested. One week later, but still before the due date, Thornton filed her motion for an extension of time based on the court reporter's sworn statement that she could not possibly prepare the document by the deadline. The court of appeals denied the request and proceeded to hear the appeal without the statement of facts. Being thus unable to determine whether the newly discovered evidence warranted a new trial, the court of appeals affirmed the trial court judgment in an unpublished opinion pursuant to Rule 452.

In reviewing a denial of a Rule 21c motion, this Court must decide whether the movant presented a reasonable explanation for her inability to file the document on time, given all the facts and circumstances present. *Wolters v. Wright*, 623 S.W.2d 301, 303 (Tex.1981); *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977). In deciding whether a reasonable explanation was given for failure to timely file, the Court must preliminarily consider whether the statement of facts was "promptly" requested under Rule 377(c). *Patterson v. Hall*, 430 S.W.2d 483 (Tex.1968). The rule itself provides no time limit; rather, the test is whether the time of request was reasonable under all the facts and circumstances.

We first hold that under the facts of this particular appeal, where no error at trial was asserted, and the motion for new trial was based solely on newly discovered evidence, Thornton was justified in waiting to request the statement of facts until the motion was overruled. Had the new trial been granted, the statement of facts from the original proceedings would no longer have been required and so would have constituted a needless expense.

This is not the situation wherein the attorney overlooks or miscalculates the due

1. All references to rules are to Texas Rules of    Civil Procedure.

date for filing, or the party appealing decides to do so at the eleventh hour. The attorney here diligently monitored every step of the appeal and timely complied with all prerequisites. Once the motion for new trial was overruled and appeal timely perfected, Thornton ordered the statement of facts from the court reporter. This practice is consistent with that recommended in J. Pope and S. McConnico, *Practicing Law with 1981 Texas Rules,* 32 Baylor L.Rev. 457, 511 (1980).

Having determined that the timing of Thornton's request for the statement of facts was reasonable here, we further hold that her explanation for the Rule 21c motion—that the court reporter was unable to prepare the document on time—was sufficient to warrant an extension under our decision in *Wolters v. Wright,* 623 S.W.2d at 304. There we held that the fact that a court reporter cannot comply with the deadline, through no fault of the appellant who has otherwise complied with all the prerequisites of appeal, is a plausible excuse for granting an extension.

We accordingly hold that the court of appeals abused its discretion in denying Thornton's Rule 21c motion. We reverse the judgment of the court of appeals and remand the cause to that court for further proceedings consistent with this opinion.