Alfredo P. GARCIA, d/b/a Garcia Trucking Company, Appellant,

v.

KASTNER FARMS, INC., et al., Appellee.

No. 13–88–247–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 3, 1988.

Rehearing Denied Nov. 30, 1988.

W. Michael Murray, Cackowski & Murray, Austin, for appellant.

James W. Whitten, Sinton, for appellee.

## OPINION

UTTER, Justice.

This case is before the Court on appellant's motion for extension of time to file its cost bond on appeal and appellee's motion to dismiss the appeal. The primary question is whether appellant has reasonably explained his failure to timely file his cost bond pursuant to Tex.R.App.P. 40.

Appellant is attempting to appeal from a final judgment entered against it on May 10, 1988. On May 18, 1988, appellant filed its request for findings of facts and conclu-

sions of law. The findings of facts and conclusions of law were signed by the Court on June 14, 1988. No motion for new trial was filed by appellant. Pursuant to Tex.R.App.P. 41(a)(1) the cost bond was due to have been filed on or before 30 days after the date the judgment was signed or by June 9, 1988. It is undisputed that the bond was not filed as of this date. Appellant has now requested by motion that this Court extend the time for filing the cost bond until June 24, 1988, 45 days after the final judgment in the cause was signed.

At issue in this case is the question of whether appellant has "reasonably explained" the need for an extension of time to file the bond. Tex.R.App. 41(a)(2) provides that:

An extension of time may be granted by the appellate court for late filing of a cost bond or notice of appeal or making the deposit required by paragraph (a)(1) or for filing the affidavit, if such bond or notice of appeal is filed, deposit is made, or affidavit is filed no later than 15 days after the last day allowed and within the same time period, a motion is filed in the appellate court reasonably explaining the need for such extension.

\* \* \* \* \* \*

In *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977), the Supreme Court construed Tex.R.Civ.P. 21c (repealed) which contained the words "reasonably explaining." In *Meshwert* the Court held that "reasonably explaining means any plausible statement or circumstances indicating that failure to file ... was not deliberate or intentional but was the result of inadvertence, mistake, or mischance."

The only explanation offered by appellant's counsel in his motion for extension of time was his belief that until he had received and reviewed the findings of facts and conclusions of law, he could not adequately inform his client of the propriety or necessity of appeal. In other words, it is the appellant's position that it would be inappropriate to file a cost bond until the determination was made that an appeal was justifiable under the facts of the case. Appellant's counsel made a conscious, pro-

fessional decision that the cost bond need not and should not be filed until such time as the findings of facts and conclusions of law were reviewed. While this explanation has a certain amount of commendable professionalism concerning an attorney's relationship with his client, this position is not in accordance with the requirements for perfecting an appeal in this state.

In *Home Insurance Company v. Espinoza*, 644 S.W.2d 44 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.), this Court dealt with a very similar fact situation. In the *Espinoza* case, the explanation offered for the failure to timely file the cost bond was that the attorney believed that it was not necessary to file a bond until after a hearing on a motion for new trial. We held that this was not a reasonable explanation for the failure to timely file the bond because the rules make it clear that the only incident which triggers the timetable for the filing of a cost bond is the date of the signing of the judgment. We, therefore, held that a misunderstanding of the law was not a reasonable explanation. A lawyer should know the law. Under Espinoza a miscalculation of the appellate timetable would be a reasonable explanation.

This case falls into the identical category as *Espinoza*. Appellant's attorney, for whatever reason, attempted to engraph onto the rules of appellate procedure an additional requirement or exception to the time for the filing of a cost bond. There is no basis in the rules for such an exception. The time for filing a cost bond is based solely on the date of the judgment and is not predicated upon the filing of findings of facts or conclusions of law or any other post trial motion other than a motion for new trial.

We hold that appellant's failure to timely file a cost bond was the result of its attorney's conscious and professional decision not to file the cost bond until after he had received the findings of facts and conclusions of law and therefore was deliberate and intentional and not the result of inadvertence, mistake, or mischance. We DENY appellant's motion for extension of time to file the cost bond and DISMISS AS MOOT the appellee's motion to dismiss the appeal. There being no timely filed cost bond, we have no jurisdiction to consider this appeal. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982).

Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION.

DORSEY, Justice, dissenting.

I respectfully dissent.

Tex.R.App.P. 41(a)(2) provides that an extension of time may be granted by an appellate court for late filing of a cost bond if a motion is filed "reasonably explaining" the need for such an extension.

The Supreme Court, in *Meshwert v. Meshwert*, 549 S.W.2d 383 (Tex.1977), held that "reasonably explaining" means any plausible statement of circumstances indicating that the failure to file within the designated period was "not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Id.* at 384.

Here, the plaintiff/appellant's explanation for his late filing of the cost bond was that he was forced to delay his decision of whether to appeal because of a corresponding delay in the trial court's filing of its findings of facts and conclusions of law.

In holding that such an explanation is not "reasonable," the majority relies on this Court's decision in *Home Insurance Co. v. Espinoza*, 644 S.W.2d 44 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). In *Espinoza*, the attorney claimed that she mistakenly believed that she did not have to file her cost bond if a motion for new trial was pending. This Court held:

> The pendency of a motion for new trial does not in any way affect a party's obligation to proceed with the proper perfection of its appeal.

> We hold that appellant's failure to timely file its cost bond was the result of the attorney's failure to adequately familiarize herself with the basic rules of appellate procedure. This does not constitute a reasonable explanation. *Espinoza*, 644 S.W.2d at 45.

The case of *Thornton v. Fenelon Funeral Home*, 646 S.W.2d 934 (Tex.1983)

provides an interesting contrast to *Espinoza*. In *Thornton*, the issue was whether the plaintiff's excuse for a late filing of her request for a statement of facts was "reasonable" under *Meshwert*. The plaintiff asserted that her late filing was due to the fact that a motion for new trial was still pending. The Supreme Court held such an explanation to be "reasonable" because *the plaintiff was justified in waiting to request the statement of facts until the trial court overruled the motion for new trial.* The Court explained that, had the new trial been granted, the statement of facts would no longer have been required and would have constituted a needless expense. *Thornton*, 646 S.W.2d at 935.

In light of the Supreme Court's holding and reasoning in *Thornton*, I do not believe this Court's opinion in *Espinoza* to be sound law. It should be expressly overruled as to whether a pending motion for new trial constitutes a reasonable explanation under Tex.R.App.P. 41(a)(2).

The instant case does not involve a trial court's failure to act on a motion for new trial; rather, it involves the failure to file findings of fact and conclusions of law within the time limits required for the filing of the cost bond on appeal. In *Meshwert* the court held "that 'reasonably explaining' means any plausible statement of circumstances indicating that failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Meshwert*, 549 S.W.2d at 384. Such is essentially the same test for determining whether a default judgment should be set aside. *Craddock v. Sunshine Bus Line, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939).

The issue in *Craddock* and *Meshwert* is whether the defaulting party intended to answer or file the bond; if a decision was made not to answer, so as not to defend, or if the decision was one of indifference and the answer was not filed, the judgment will not be set aside. In the instant case, no mistake or inadvertence is involved; appellant's failure to timely file the bond was a conscious act. He did not file the bond because he had not decided whether

grounds for appeal existed in that the trial court had not timely filed its findings of fact and conclusions of law within the 30 days allowed to file the appeal bond. A conscious decision was made not to timely file the bond. However, no decision had been reached as to whether to perfect the appeal. That decision was made within the 15-day grace period. As there was no decision not to appeal, I cannot say the failure to file was intentional or with conscious disregard as envisioned by the rules.

I would hold in the case at bar that the plaintiff Garcia's explanation is reasonable, i.e., that he was justified in waiting to file his cost bond (i.e. perfect his appeal) until the trial court filed its findings of fact and conclusions of law. Since such findings could easily enlighten a party regarding his decision of whether to bring an appeal, we should not punish a party for its attorney's commendable professionalism. I would grant Garcia's Rule 41(a)(2) motion.

SEERDEN, J., joins in this dissenting opinion.

## OPINION ON MOTION FOR REHEARING

SEERDEN, Justice, dissenting.

I dissent from the action overruling appellant's motion for rehearing for the reasons stated in Justice Dorsey's dissent to the majority's original action in denying appellant's motion for extension of time to file the cost bond and order dismissing the appeal for want of jurisdiction.

Justice Dorsey's able dissent fully sets dissent fully sets forth the reasons I believe the majority's actions in this case are incorrect. In his motion for rehearing, appellant requests that this Court overrule *Home Insurance Company v. Espinoza*, 644 S.W.2d 44 (Tex.Civ.App.—Corpus Christi 1982, writ ref'd n.r.e.). A recent holding of the Dallas Court of Appeals is in direct conflict with *Espinoza* and specifically rejects its rationale. In *Heritage Life Insurance Co. v. Heritage Group Holding Corp.*, 751 S.W.2d 229, 232 (Tex.App.—Dallas 1988, writ denied), it is stated:

We view the Corpus Christi Court (in *Home Ins. v. Espinoza*) as following the "reasonable diligence" standard. This standard was rejected by Justice Guittard in his dissenting opinion in *Sloan v. Passman*, 538 S.W.2d 1, 1 (Tex.Civ.App.—Dallas 1976) (Guittard, J., dissenting, approved in *United States Fire Insurance Co. v. Stricklin*, 547 S.W.2d 338 (Tex.Civ.App.—Dallas 1977, no writ)). Justice Guittard followed the "Craddock" standard of inadvertence, mistake, or mischance. This same language was used by the Texas Supreme Court in *Meshwert*, 549 S.W.2d at 384. Under [*Meshwert*], *Stricklin*, and *Sloan*, the "reasonable explanation" required by Rule 41(a)(2) focuses on a lack of deliberate or intentional failure to comply. See *Meshwert*, 549 S.W.2d at 384. Anything short of deliberate or intentional noncompliance falls within the area of inadvertence, mistake, or mischance. Consequently, we decline to follow *Espinoza.*

I would grant appellant's motion for rehearing, withdraw the original majority opinion, overrule *Espinoza*, and grant appellant's motion for extension of time to file his cost bond.

DORSEY, J., joins in this dissenting opinion on motion for rehearing.