DEALERS ELECTRICAL SUPPLY CO., INC., Appellant,

v.

WILLIAMS INDUSTRIES, et al., Appellees.

No. 10-89-040-CV.

Court of Appeals of Texas, Waco.

March 23, 1989.

John L. Bates, Waco, for appellant.

John L. Malesovas, McGregor, White, Malesovas & McSwain, Waco, for appellees.

## OPINION

PER CURIAM.

■ Appellant has filed a motion for an extension of time to file the cost bond required by Rule 41, Texas Rules of Appellate Procedure. When an appellant files a motion reasonably explaining why he needs such an extension, and does so not later than fifteen days after the last day otherwise allowed for filing the bond, this Court may, in its discretion, grant his motion. Tex.R.App.P. 41(a)(2). Appellee has filed a response to Appellant's motion along with a motion to dismiss for want of jurisdiction. Each is grounded on Appellant's alleged failure to reasonably explain why it filed the bond tardily.

Appellee would have us follow the rule and reasoning of the Corpus Christi Court of Appeals in a series of cases applying a strict standard to movants for extension: *Garcia v. Kastner Farms, Inc.*, 761 S.W.2d 444 (Tex.Civ.App.—Corpus Christi 1988, no writ); *Home Insurance Company v. Espinoza*, 644 S.W.2d 44 (Tex.Civ.App.—Corpus Christi 1982, writ ref'd n.r.e.); *Joslin v. Joslin*, 636 S.W.2d 519 (Tex.Civ.App.—Corpus Christi 1982, no writ); and *Southern Pacific Transportation Co. v. Yendrey*, 605 S.W.2d 676 (Tex.Civ.App.—Corpus Christi 1980, no writ).

Appellant urges us to follow *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977), as to what constitutes a "reasonable explanation," even though *Meshwert* dealt with the requirement of a reasonable explanation for failure to timely file a transcript and statement of facts under old Rule 21c, Texas Rules of Civil Procedure. Appellant also cites to us *United States Fire Insur-*

ance Co. v. Stricklin, 547 S.W.2d 338, 340 (Tex.Civ.App.—Dallas 1977, no writ).

 In *Meshwert*, the Texas Supreme Court defined "reasonably explaining" as "any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Meshwert*, 549 S.W.2d at 384. We see no reason to define the phrase differently here merely because this case involves a different rule and the filing of a cost bond instead of a transcript.

The question here, then, is whether the "mistake" contemplated by *Meshwert* includes a mistake as to the law. Appellant's counsel admits that he applied the repealed rule that a cost bond is due 30 days after a motion for new trial is overruled rather than the present rule that the bond is due 90 days after the judgment is signed.

Two cases set out our choices. In *Espinoza*, the Corpus Christi court held that the failure to timely file a cost bond resulting from an attorney's failure to adequately familiarize herself with the basic rules of appellate procedure does not constitute a reasonable explanation as a matter of law. *Espinoza*, 644 S.W.2d at 45. The Dallas Court of Appeals, in *Heritage Life Ins. Co. v. 1 Heritage Group Holding Corp.*, 751 S.W.2d 229, 232 (Tex.App.—Dallas 1988, writ denied), declined to follow *Espinoza* in a fact situation identical to the one before us, holding that "an attorney's miscalculation of the date upon which a cost bond is due stemming from a mistake in law is a 'reasonable explanation' sufficient to satisfy Rule 41(a)(2)."

We are unprepared to hold, as did the Dallas Court, that anything short of deliberate or intentional non-compliance falls within the meaning of inadvertence, mistake, or mischance. *Heritage*, 751 S.W.2d at 232. We have previously held, for instance, that where an appellant receives a completed transcript a month prior to its filing deadline but fails to file it timely, indicating some indecision on the matter, such conduct amounts to negligence or indifference and is not a plausible or reasonable explanation. *See Shriver v. McLennan Co. Children's Protective Services of the Texas Dept. of Human Resources*, 610 S.W.2d 229, 230 (Tex.Civ.App. —Waco 1980, no writ). Here, however, we find neither deliberate or intentional noncompliance nor indifference or indecision and conclude that Appellant intended to timely file its cost bond and would have done so but for its mistake of law. We agree that a mistake of law such as is involved here is a "reasonable explanation" sufficient to satisfy Rule 41(a)(2).

Appellant's Motion for Extension of Time to File Cost Bond is granted. Appellee's Motion to Dismiss for Want of Jurisdiction is denied.