# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00465-CV

---

**Justin Miller and Chiptarmil LLC, Appellants**

**v.**

**Elisa Rios, Appellee**

---

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-22-003955, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Justin Miller and Chiptarmil LLC, a company that he is alleged to control, both appeal the trial court's final summary judgment awarding Elisa Rios declaratory relief and attorneys' fees.[1]  In four appellate issues, Miller and Chiptarmil contend that summary judgment was inappropriate on the merits on Rios's claims for breach of contract, fraudulent inducement, and fraud in a real-estate transaction.  They also contend that the summary judgment was granted based solely on deemed admissions and that it therefore must be reversed.  Rios argues that we lack appellate jurisdiction over this appeal.  We reject the jurisdictional challenge, conclude that

---

[1]  Rios in her appellee's brief says that "the judgment stands regarding Chiptarmil" because "the notice of appeal was filed strictly for Justin Miller."  Not so—the notice of appeal expressly lists both Miller and Chiptarmil as appealing parties.  *See* Tex. R. App. P. 25.1(d)(5) ("The notice of appeal must . . . state the name of each party filing the notice.").

summary judgment was inappropriate on the merits of the claims challenged, and thus reverse and remand for further proceedings.

## BACKGROUND

Rios sued Miller and Chiptarmil, pleading claims for breach of contract, fraudulent inducement, fraud in a real-estate transaction,[2] and trespass to try title. She sought damages, prejudgment interest, declaratory relief under the Uniform Declaratory Judgments Act,[3] and attorneys' fees. Rios predicated her claims on allegations that she and Miller had agreed to a project to buy a lot containing two units together, to jointly invest in the purchase and in renovating the units, and to share equally in the net profits received from later selling the lot and the units. She also alleged that after they bought the real property, Miller induced her to transfer her interest in it to Chiptarmil, which Miller controls, in exchange for a 50% ownership interest in the LLC. After she transferred her interest in the property to the LLC, Miller allegedly never fulfilled his promise of the 50% interest.

Specifically regarding the parties' alleged contract, Rios pleaded that she and Miller "entered into an oral agreement . . . whereby each of them would contribute equal funds for the purchase of the real property located at 909 Capitol Court, Austin, Texas 78756 (the 'Property'), with plans to renovate and sell the Property for profit." (Italics removed.) She added that she and Miller allegedly "had a valid and enforceable contract for an equal-share investment in which they would renovate and resell the Property" and that "[a]fter [he] convinced [her] to transfer her

---

[2] Also known as "statutory fraud." *Cf.* Tex. Bus. & Com. Code § 27.01.

[3] *See Craig v. Tejas Promotions, LLC*, 550 S.W.3d 287, 297–98 (Tex. App.—Austin 2018, pet. denied) ("While sometimes termed a 'cause of action' colloquially, declaratory relief under the UDJA is more precisely a type of *remedy* that may be obtained with respect to a cause of action or other substantive right.").

interest in the Property to Chiptarmil LLC, he breached the Agreement by refusing to transfer a 50% interest in Chiptarmil LLC to [her] or even return her original investment." And she alleged that their contract

> included a term that [she] would invest $165,986.73 and the following would occur:
>
> A) [She] would be entitled to a ½ undivided interest in the Property;
> B) [She] would be entitled to 50% of the net profit of the units located at the Property upon sale of the units;
> C) The Property would be listed on the MLS upon substantial completion of the contemplated work on the Property; and
> D) No amounts would be subtracted from or paid out of the gross proceeds of the sale of the units located at the Property unless agreed in writing by Miller and [her].

She also alleged that she purchased her half of the Property and later transferred that interest to Chiptarmil at Miller's urging.

During the suit, Rios's counsel served discovery requests, but, for reasons that the parties dispute, Miller and Chiptarmil's counsel did not timely serve responses. Because the discovery requests included requests for admission and no responses were timely served, Rios's counsel treated the requests as having been deemed admitted. *See* Tex. R. Civ. P. 198.2(c).

Rios moved for a summary judgment on all her claims in the suit, and she attached to her motion her affidavit; the requests for admission, which she argued in the motion had been deemed admitted; and other documentary exhibits. Miller and Chiptarmil responded in writing to the motion for summary judgment. Seven days before the noticed hearing on the motion, Miller and Chiptarmil's counsel served the late discovery responses on Rios's counsel. Miller and Chiptarmil's counsel did not attend the noticed in-person hearing, again for reasons that the parties dispute. Later on the day of the hearing, counsel filed a letter with the court to explain why he had not attended.

After the hearing, the trial court rendered its final summary judgment in Rios's favor, granting her motion. The summary-judgment order recites the court's rulings as follows:

> [T]his Court FINDS that Plaintiff has proven her causes of action for breach of contract and fraud in a real estate transaction, and that Plaintiff shall recover her one-half undivided interest in and to the real property described as [property description].
>
> ACCORDINGLY, this Court ORDERS that a declaratory judgment shall issue declaring that the deed from Elisa Rios and Justin Miller to Chiptarmil, LLC with respect to the Property and recorded as Document Number 2022148492 in the Official Public Records of Travis County, Texas, shall be set aside. Such deed shall be stricken from the Official Public Records and shall no longer have any force or effect with respect to the Property.
>
> The result of such declaratory judgment is that the title to the Property shall be in the name of Elisa Rios and Justin Miller, as their interests appear prior to the deed stricken above.

The order then awards Rios attorneys' fees and recites unequivocal language of finality. Miller and Chiptarmil moved for a new trial, the motion was denied, and they now appeal.

## APPELLATE JURISDICTION

Before reaching the issues in this appeal about the trial court's summary judgment, we first must address Rios's challenge to our appellate jurisdiction. *See Rush Truck Ctrs. of Tex., L.P. v. Sayre*, __ S.W.3d __, 2025 WL 1599527, at *2 (Tex. June 6, 2025) ("Jurisdiction always comes first."). Within her appellee's brief, Rios argues that we lack jurisdiction over this appeal because the notice of appeal was not timely filed. We reject her argument because we grant an implied motion by Miller and Chiptarmil to extend the time to file their notice of appeal.

For the deadline to file a notice of appeal, when, as here, any party timely moves for a new trial or to modify the judgment, the notice of appeal must be filed within 90 days after the judgment is signed. *See* Tex. R. App. P. 26.1(a)(1)–(2). We may extend this deadline if within

4

15 days after the 90-day deadline, a party intending to appeal files both its notice of appeal and a motion for an extension with a reasonable explanation. *See* Tex. R. App. P. 26.3; *Houser v. McElveen*, 243 S.W.3d 646, 646 (Tex. 2008) (per curiam). But even if only the notice of appeal is filed within the 15 days, the notice carries with it an implied motion for extension. *See Houser*, 243 S.W.3d at 646–47 (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)). We are to grant such an implied motion for an extension when there is any reasonable explanation for the late filing of the notice of appeal. *See id.* "The question . . . is whether there is 'any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance.'" *Id.* at 647 (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)).

Here, the trial court signed its final judgment on May 2, 2023, and Miller and Chiptarmil filed their notice of appeal within 15 days after their 90-day deadline. We are mindful of the Supreme Court's consistent instruction that we are to interpret the appellate rules liberally to preserve parties' rights to dispositions on the merits rather than dismissing appeals for procedural defects. *See Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam); *Verburgt*, 959 S.W.2d at 616–17. Because Miller and Chiptarmil's counsel has informed us that he inadvertently miscalculated the appellate deadline and the notice of appeal was filed three days in advance of the miscalculated deadline, we grant Miller and Chiptarmil's implied motion for an extension to file their notice of appeal. *See Dealers Elec. Supply Co. v. Williams Indus.*, 767 S.W.2d 935, 936 (Tex. App.—Waco 1989, no writ) (similar explanation of inadvertence sufficient); *see also Hall v. U.S. Bank Nat'l Ass'n*, No. 03-09-00010-CV, 2009 WL 2914245, at \*2 (Tex. App.—Austin June 5, 2009, pet. dism'd w.o.j.) (mem. op.) (identifying as possible sufficient

5

explanation that appellant "inadvertently missed a deadline or miscalculated when his thirty days ran"). We therefore deny Rios's request to dismiss this appeal and proceed to Miller and Chiptarmil's appellate issues.

## SUMMARY JUDGMENT

All four of Miller and Chiptarmil's appellate issues seek reversal of the trial court's summary judgment but no further relief. In three of those issues, Miller and Chiptarmil argue that summary judgment was inappropriate on the merits for the claims of breach of contract, fraudulent inducement, and fraud in a real-estate transaction. In the remaining appellate issue, Miller and Chiptarmil argue that summary judgment was inappropriate for the procedural reason that it was improperly based solely on the deemed admissions. Because review of the merits issues is all that is needed to dispose of this appeal, we begin with those issues. *See* Tex. R. App. P. 47.1.

### *Standard of review*

We review summary judgments *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve all doubts in that party's favor. *Id.* When a summary-judgment order does not specify the grounds on which the order's grant of summary judgment is based, the appealing party must negate each ground on which the summary judgment could have been based. *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022).

A party moving for a traditional summary judgment must prove that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c). Plaintiffs may move for a traditional summary judgment on their affirmative claims for relief, and when doing so, they bear the burden of conclusively proving each element

6

of their claims. *See* Tex. R. Civ. P. 166a(a); *ACI Design Build Contractors Inc. v. Loadholt*, 605 S.W.3d 515, 517 (Tex. App.—Austin 2020, pet. denied). The nonmovant has no burden to respond to a summary-judgment motion unless the movant conclusively establishes its claim. *Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). When the movant's summary-judgment proof is legally insufficient, the trial court may not grant summary judgment by default because the nonmovant did not respond to the motion. *Id.* at 223. The movant must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of the movant's claim as a matter of law. *Id.*

### *Breach of contract*

In their first merits appellate issue, Miller and Chiptarmil contend that summary judgment in Rios's favor on her contract claim was in error because of one of Texas's statutes of frauds, under which "a contract for the sale of real estate" is unenforceable unless the agreement, or a memorandum of it, is in writing and signed by the person to be charged with the agreement or by someone lawfully authorized to sign for the person. *See* Tex. Bus. & Com. Code § 26.01(a), (b)(4); *Copano Energy, LLC v. Bujnoch*, 593 S.W.3d 721, 723, 727 (Tex. 2020). Miller and Chiptarmil could defeat summary judgment for Rios on her contract claim by raising a genuine issue of material fact on each element of their affirmative defense of the statute of frauds. *See* Tex. R. Civ. P. 94 (statute of frauds is affirmative defense).

When a plaintiff requests summary judgment on an affirmative claim for relief, the defendant in the written response to the motion can defeat the request by asserting an affirmative defense to the claim and adducing summary-judgment evidence creating a fact issue on each element of the affirmative defense. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984);

7

*Bryan v. Human Power of N Co.*, No. 03-22-00632-CV, 2024 WL 734654, at \*14 (Tex. App.—Austin Feb. 23, 2024, pet. denied) (mem. op.). The elements of the affirmative defense here are that the subject of the contract at issue was "a contract for the sale of real estate" and that there is no relevant written agreement or memorandum of the agreement. *See* Tex. Bus. & Com. Code § 26.01(a), (b)(4); *Kenney v. Porter*, 557 S.W.2d 589, 591 (Tex. App.—Corpus Christi–Edinburg 1977, no writ). The affirmative defense of the statute of frauds involves a burden-shifting framework, under which, if the statute is shown to apply, then the plaintiff must "establish an exception that would take the verbal contract out of the statute of frauds." *See Dynegy, Inc. v. Yates*, 422 S.W.3d 638, 641 (Tex. 2013).

We conclude that the summary-judgment evidence raised the necessary fact issues on the affirmative defense of the statute of frauds to defeat summary judgment on the contract claim. Rios adduced the following evidence about the contract at issue. She and Miller had "an oral agreement . . . whereby we would each contribute equal funds for the purchase of the real property" and that their agreement

> included a term where [Rios] would invest $165,986.73 and the following would occur:
>
> 1) [She] would be entitled to a one-half (1/2) undivided interest in the Property;
> 2) [She] would be entitled to fifty percent (50%) of the net profit of the units located at the Property upon sale of the units;
> 3) The Property would be listed on the MLS website upon substantial completion of the contemplated work on the Property; and
> 4) No amounts would be subtracted from or paid out of the gross proceeds of the sale of the unit[]s located at the Property, unless agreed in writing by Miller and [her].

8

Then in Miller's declaration made under penalty of perjury attached to his and Chiptarmil's summary-judgment response,[4] Miller said that "there is no written agreement between us regarding the purchase, construction, and sale of the Property." This statement in Miller's declaration is not foreclosed by any deemed admissions here because none of the requests for admission address any written agreement. The most they say on the issue is that there was an "agreement" between the parties or that they "agreed" on some matter, and in fact, another of the requests for admission specifies that Miller "orally agreed" to give Rios a 50% ownership interest in Chiptarmil in exchange for her agreeing to transfer the Property to Chiptarmil. The summary-judgment record, viewed in the light most favorable to Miller and Chiptarmil but even when accounting for the deemed admissions, therefore includes evidence raising a fact issue about whether there was any written agreement to support Rios's contract claim.

As for the applicability of the statute of frauds to the parties' purported contract, the summary-judgment evidence shows the terms of the purported contract, *as Rios had pleaded it*. Because those terms involve Rios and Miller's acquisition of real property, and especially Rios's acquisition of an interest in the property in exchange for her investment in the project, and then later sale of that property to recoup their investment, there is at least a fact issue about whether the purported contract, as pleaded, is one to which the statute of frauds applies. *See* Tex. Bus. & Com. Code § 26.01(b)(4); *Long Trs. v. Griffin*, 222 S.W.3d 412, 416 (Tex. 2006) (statute of frauds applied to contract under which party would "pay part of the drilling and operating costs in exchange for an assignment of part of the working interest in producing wells," an interest in real estate); *Wood v. Wiggins*, 650 S.W.3d 533, 551–53 (Tex. App.—Houston [1st Dist.] 2021, pet.

---

[4] The declaration meets the requirements of Civil Practice and Remedies Code section 132.001 and thus may constitute summary-judgment evidence.

9

denied) (statute of frauds applied to contract under which parties "agreed to jointly purchase properties together, . . . with the intent of repairing and selling the properties," and "[p]rofits and losses on each property would be split according to the proportionate share of ownership," and despite contrary argument that the "oral partnership agreements . . . did not involve the conveyance of real property").[5]

Even though the summary-judgment evidence raised fact issues on the affirmative defense of the statute of frauds, Rios did not attempt to prove any exception to the statute of frauds. *See Dynegy*, 422 S.W.3d at 641 (shifting burdens). And on appeal, Rios offers no argument about the statute of frauds. We thus conclude that fact issues about the statute of frauds precluded summary judgment on the contract claim and sustain this appellate issue.

### *Fraudulent inducement*

In their next merits appellate issue, Miller and Chiptarmil contend that summary judgment in Rios's favor on her claim for fraudulent inducement was in error because that claim requires an underlying binding contract and the failure at summary judgment of Rios's contract

---

[5] The Second Court of Appeals appears to have reached a conclusion that is in tension with the one reached by the First Court of Appeals in *Wood*. In the Second Court's decision, "a joint venture to flip a house" did not fall under the statute of frauds because "a real estate transaction [wa]s merely incidentally involved" with the parties' oral joint-venture agreement. *See Raym v. Tupelo Mgmt., LLC*, No. 02-21-00071-CV, 2022 WL 60722, at *1, *4 n.3 (Tex. App.—Fort Worth Jan. 6, 2022, no pet.) (mem. op.) (quoting *Bridewell v. Pritchett*, 562 S.W.2d 956, 958 (Tex. App.—Fort Worth 1978, writ ref'd n.r.e.)). We distinguish *Raym* from the case here because Rios's purported contract did not merely incidentally involve a transfer of real estate. The court in *Raym* also relied on the statement from *Gardner v. Randell*, 7 S.W. 781 (Tex. 1888), that "an agreement between two or more persons for the joint acquisition of land is not a contract for the sale of land, and hence is not required by our statute of frauds to be in writing." *See Raym*, 2022 WL 60722, at *4 n.3 (quoting *Gardner*, 7 S.W. at 782). That statement does not cover the purported contract here because the one here involves not merely acquiring land but also subsequently transferring the land to another for the recoupment of investment.

claim, *as she had pleaded it*, under the statute of frauds leaves her without any binding contract to support summary judgment on fraudulent inducement. *See Dunworth Real Est. Co. v. Chavez Props.*, No. 04-07-00237-CV, 2008 WL 36222, at *7 (Tex. App.—San Antonio Jan. 2, 2008, no pet.) (mem. op.) (failure of contract subject to statute of frauds to satisfy statute means that contract is not "binding"); *Hobbs v. Bass*, 279 S.W.2d 480, 482 (Tex. App.—Texarkana 1955, writ ref'd n.r.e.) (same); *accord Grindinger v. Kixmiller*, No. 02-06-00221-CV, 2007 WL 529954, at *4 (Tex. App.—Fort Worth Feb. 22, 2007, pet. denied) (mem. op.).

"When a party has not been induced into a contract, . . . there is no detrimental reliance and therefore no fraudulent inducement claim." *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001). "Without a *binding* agreement, there is no detrimental reliance, and thus no fraudulent inducement claim." *Id.* (emphasis added).

We conclude that because the summary-judgment evidence raised fact issues on Miller and Chiptarmil's affirmative defense of the statute of frauds, there was necessarily a fact issue precluding summary judgment about the detrimental-reliance element of Rios's claim for lack of any binding contract. Rios's appellate brief does not offer argument opposing Miller and Chiptarmil's position in this respect. We therefore sustain this appellate issue.

### Fraud in a real-estate transaction

In their final merits appellate issue, Miller and Chiptarmil contend that summary judgment in Rios's favor on her claim for fraud in a real-estate transaction was in error because she did not carry her summary-judgment burden to adduce evidence on one of the elements of the claim. The element at issue is that when the claim involves an allegation of a false promise to do an act—here, that Miller would grant Rios the 50% ownership interest in Chiptarmil—then the

11

plaintiff must prove that the false promise was "made with the intention of not fulfilling it." *See* Tex. Bus. & Com. Code § 27.01(a)(2)(B).

Rios sought to carry her summary-judgment burden on this claim by attaching to her motion the deemed admissions and her affidavit. In fact, the argument portion of the motion concerning this claim relies only on the deemed admissions. But neither the deemed admissions nor anything in Rios's affidavit constitutes conclusive evidence of Miller's intent when he made his alleged promise to transfer the 50% ownership interest to Rios. Viewing the summary-judgment record in the light most favorable to Miller and Chiptarmil, as we must, we simply see nothing in the deemed admissions or affidavit that speaks to Miller's intent when making the alleged promise. *See Pools Unltd., Inc. v. Houchens*, No. 03-21-00046-CV, 2022 WL 16824340, at *3–4 (Tex. App.—Austin Nov. 9, 2022, no pet.) (mem. op.) (reversing plaintiff's summary judgment on fraud-based claim for lack of conclusive proof of fraudulent intent and noting that fraudulent intent is fact question uniquely within realm of factfinder); *Coleman Cattle Co. v. Carpentier*, 10 S.W.3d 430, 434–35 (Tex. App.—Beaumont 2000, no pet.) (reversing plaintiff's summary judgment on fraud-based claim for lack of conclusive proof of fraudulent intent even though evidence supplied at least some evidence of fraudulent intent), *cited with approval*, *Reagan Nat'l Advert. of Austin, Inc. v. Lakeway 620 Partners, L.P.*, No. 03-00-00719-CV, 2001 WL 726452, at *10–12 (Tex. App.—Austin June 29, 2001, pet. denied) (not designated for publication). Because Rios had to carry her summary-judgment burden on this claim even absent any response by Miller and Chiptarmil, *see Rhône–Poulenc*, 997 S.W.2d at 222–23, her failure to carry that burden dooms the summary judgment on this claim. We therefore sustain this appellate issue.

*Remaining matters*

Because we reverse the summary judgment on the claims that Miller and Chiptarmil have challenged on the merits in this appeal, we need not reach their procedural appellate issue involving whether the summary judgment was based "solely" on the deemed admissions. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam). They argue under that issue only for reversal of the summary judgment, so we need not reach that issue, and we express no opinion about whether on remand the trial court should withdraw the deemed admissions. *Cf.* Tex. R. Civ. P. 198.3 (withdrawal of deemed admissions).

We are also mindful of the rule that we must affirm the summary judgment if it could be sustained on any ground presented by the motion that Miller and Chiptarmil have failed to challenge on appeal. *See McCurley v. Texas Motor Speedway, Inc.*, No. 02-19-00108-CV, 2019 WL 6606103, at *1–2 (Tex. App.—Fort Worth Dec. 5, 2019, pet. denied) (mem. op.); *Smith v. Autodesk, Inc.*, No. 03-11-00674-CV, 2012 WL 3600887, at *2–3 (Tex. App.—Austin Aug. 16, 2012, no pet.) (mem. op.). In this vein, we note that Rios moved for summary judgment on her claim for trespass to try title, and the summary judgment is unclear about whether it includes a rendition of judgment in favor of Rios or of Miller and Chiptarmil on that claim.[6]

Even if the summary judgment includes a rendition in Rios's favor on her claim for trespass to try title, the summary judgment is not sustainable on that claim. The summary judgment awards only declaratory relief and attorneys' fees. The claims for which we have reversed the

---

[6] No matter in whose favor judgment was rendered on the claim, however, the summary judgment is unequivocal that it is a final judgment. *See In re C.K.M.*, 709 S.W.3d 613, 616–19 (Tex. 2025) (per curiam) (discussing rules for when judgments are final because they express their finality in unequivocal language); *see also In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam) (rules about unequivocal finality language apply to summary judgments).

summary judgment, discussed above, can no longer support the declaratory relief awarding title to real estate or attorneys' fees. And the claim for trespass to try title is incompatible with Rios's request for declaratory relief under the Uniform Declaratory Judgments Act. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 926 (Tex. 2013); *Martin v. Amerman*, 133 S.W.3d 262, 264–67 (Tex. 2004), *superseded by statute on other grounds by* Act of May 17, 2007, 80th Leg., R.S., ch. 305, § 1, 2007 Tex. Gen. Laws 581, 581 (codified at Tex. Civ. Prac. & Rem. Code § 37.004(c)), *as recognized in Lance v. Robinson*, 543 S.W.3d 723, 736 n.10 (Tex. 2018); *Wolfe v. Devon Energy Prod. Co.*, 382 S.W.3d 434, 460–61 (Tex. App.—Waco 2012, pet. denied); *Lile v. Smith*, 291 S.W.3d 75, 76–78 (Tex. App.—Texarkana 2009, no pet.); *Koch v. Texas Gen. Land Off.*, 273 S.W.3d 451, 456 (Tex. App.—Austin 2008, pet. denied). Nor are attorneys' fees available for such a claim. *See Roberson v. City of Austin*, 157 S.W.3d 130, 135 (Tex. App.—Austin 2005, pet. denied). Because Rios's claim for trespass to try title cannot sustain the summary judgment, we cannot affirm the summary judgment based on Miller and Chiptarmil's failure to challenge that claim on appeal. *See Morton v. Hung Nguyen*, 412 S.W.3d 506, 512 (Tex. 2013) (instructing that awards of attorneys' fees should be reversed on appeal when same appeal otherwise leaves fees claimant without any viable claim to support fees award); *Clear Lake City Water Authority v. Kirby Lake Dev., Ltd.*, 123 S.W.3d 735, 755 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (reversing award of declaratory relief when there was no remaining viable claim to support that remedy).

## CONCLUSION

We reverse the trial court's final summary judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Crump

Reversed and Remanded

Filed: August 28, 2025

15