Michael **RUTHERFORD** et al.,
Appellants,

v.

Joe J. **JONES**, Appellee.

No. 2908.

Court of Civil Appeals of Texas, Tyler.

June 21, 1979.

Rehearing Denied Aug. 16, 1979.

Carnegie H. Mims, Jr., Houston, for appellants.

Frank L. Supercinski, Longview, for appellee.

PER CURIAM.

After the 60-day period for filing the record had expired appellants filed their Amended Motion for Extension of Time to File Statement of Facts and Transcript in this cause under the provisions of Rule 21c, Tex.R.Civ.P. The trial court entered its final judgment on March 23, 1979. Pursuant to Rule 386, Tex.R.Civ.P., the last day for filing the Transcript and Statement of Facts was May 22, 1979. Although appellants timely filed their cost bond for appeal, the Transcript and appellants' Motion for an Extension of Time were received by this Court on June 5, 1979, 14 days after the 60-day period had expired.

Rule 21c provides, "An extension of time may be granted for late filing in a Court of Civil Appeals of a transcript, statement of facts, . . . if a motion reasonably explaining the needs therefor is filed within fifteen (15) days of the last date for filing as prescribed by the applicable rule or rules." The Transcript and the Motion for an Extension of Time were received by this Court within the 15-day period specified in Rule 21c.

In their Motion appellants' counsel acknowledges that he received the judgment from appellee's counsel on March 29, 1979. Appellants' counsel states that, "Upon receipt of said judgment from opposing counsel, Appellants were notified by their counsel of the entry of judgment, their right to appeal, and the timetable for appeal, if they wanted to appeal." The reason that appellants' counsel gives for the appellants having failed to respond in time to perfect the filing of the Statement of Facts and Transcript within the 60-day period is that appellants had set up temporary residence near the hospital in Houston where their father and uncle was confined with terminal cancer. Appellants' counsel further states that after the demise of their father and uncle on April 29, 1979, they returned to their home in Hawkins, Texas, and discovered counsel's letter. On May 24, 1979, two days after the 60-day period for filing the record had expired, appellants notified counsel by telephone that they wished to appeal the case. This is the entire statement given by appellants as their "reasonable explanation" as to why they should be permitted an extension of time pursuant to Rule 21c.

Although appellants' counsel signs and swears that "the matters stated in this motion are within his knowledge and are true and correct," it is not clear whether appellants were notified of the rendition in some manner before counsel notified them by mail. If appellants had notice of the judgment before taking up a temporary residence in Houston, there is no reasonable explanation for their failure to secure the Transcript and Statement of Facts within the 60-day period allowed by the rule. Moreover counsel's affidavit states that appellants received his letter when that returned home after their relative passed away in Houston on April 29, 1979. Counsel's affidavit does not state any reason why appellants waited from that date until May 24, 1979, before taking any action with regard to the appeal.

There are no sworn affidavits or other evidence from any of the four appellants regarding their whereabouts or lack of knowledge of the judgment either prior to the April 29th death of their relative or between April 29th and May 24th when they finally notified their counsel to appeal the case. Neither appellants nor their counsel give any explanation at all as to

why they could not have commenced perfecting their appeal during the period from April 29 until their time expired on May 22nd.

The term "reasonably explaining" as used in 21c, supra, means any plausible statement of circumstances indicating that the failure to file within the 60-day period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance. *Meshwert v. Meshwert*, 549 S.W.2d 383 (Tex.1977), *Shepard v. Shepard*, 572 S.W.2d 86 (Tex.Civ.App.—Houston 1978, writ ref'd n. r. e.). Appellants have an obligation by the rules to promptly request the record or reasonably explain their failure to do so. *Taft v. Wolma*, 541 S.W.2d 673 (Tex.Civ.App.—San Antonio 1976, no writ). As we view the record the motion filed in this case fails to contain a reasonable explanation as to why the Transcript and Statement of Facts could not have been filed within the time required by law and therefore Rule 21c may not be used as a vehicle to further extend the time for the filing of the record.

Appellee has filed a motion that this appeal be dismissed. In view of our ruling that appellants are not entitled to relief under Rule 21c, the appellee's Motion to Dismiss is granted.

Accordingly, the appeal is dismissed.