SOUTHERN PACIFIC TRANSPORTA-
TION COMPANY, Appellant,

v.

Teresa YENDREY and Ricky
Wood, Appellees.

No. 1786.

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 14, 1980.

James N. Stofer, Anderson, Smith, Null, Stofer & Smith, Victoria, for appellant.

Lawrence A. Dio, Port Lavaca, William S. Fly, Fly & Moeller, Victoria, for appellees.

OPINION

PER CURIAM.

This case is before this Court on appellant's motion for extension of time to file the record and on appellees' motion to dismiss the appeal. At issue is whether appellant has reasonably explained its failure to file the record within the time prescribed by Rule 386, T.R.C.P. We find that it has not.

Appellant is attempting to appeal from an adverse judgment rendered against it on May 16, 1980. The record was due to be filed in this Court no later than 60 days thereafter, or by July 15, 1980. Rule 386,

T.R.C.P. Pursuant to Rule 21c, appellant filed a verified motion for extension of time to file the record, alleging that "the inability of Appellant to file the Statement of Facts within the time limit is due to the failure of the court reporter to prepare the Statement of Facts, as indicated by the court reporter's Affidavit attached hereto. This Appellant has every reason to believe that the transcript will be filed with this Court within two weeks."

Attached to appellant's motion is an affidavit of the court reporter which states that:

"Trial of said case was before a jury on March 31, 1980, and lasted eight days, consisting of extensive medical testimony. Consequently, the Statement of Facts is voluminous.

If an extension of additional 90 days were granted, I believe that will give me sufficient time to complete said transcript."

The appellant's motion does not provide the required reasonable explanation for the failure to file the record within the time prescribed by the Rules.

At the outset, neither the motion nor the affidavit state when the court reporter was requested to prepare the statement of facts, nor does the affidavit of the court reporter describe the present workload of the reporter, although this Court's local rules require this information in a Rule 21c motion filed in this Court. See *Continental Oil Co. v. Dobie*, 552 S.W.2d 183 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

Appellees, in their motion to dismiss, urge denial of an extension of time because of appellant's failure to timely request either the transcript or statement of facts, in support of which they filed an affidavit executed by the District Clerk of Calhoun County, Texas, and an affidavit of the court reporter. Appellant has not responded to the motion to dismiss.

It is not significant that appellant failed to provide an oral or written request to the District Clerk for preparation of the transcript. Although it is helpful for trial court clerks to receive a specific designation of items to include in a transcript, Rule 376 (as amended effective January 1, 1978) imposes a duty on the trial court clerk to prepare the transcript upon the filing of the cost bond or deposit. A specific request by the appellant is therefore no longer necessary.

In regard to the statement of facts, however, the Rules provide no comparable automatic notice to the court reporter. Appellees, in support of their motion to dismiss the appeal, furnished us with an additional affidavit from the court reporter. This affidavit, dated July 17, 1980, two days after the record was due in this Court, states:

"Counsel for the Defendant, Southern Pacific Transportation Co., first contacted me to order the record by telephone at my home on Sunday, July 13, 1980, but told me to hold off starting to make the record for one (1) week and he would contact me again. He also asked me for an affidavit to assist in obtaining a ninety (90) day extension on preparing the record which I sent to him on July 14, 1980. Other than the above one (1) phone call, I have received no correspondence or phone calls from defense counsel pertaining to the ordering of the record."

It is clear to us that an informal indefinite request made two days before the record of an eight-day trial was to be filed, coupled with an instruction "to hold off starting to make the record for one week," evidences a delay caused by appellant, and not the court reporter.

Extensions of time to file the transcript and statement of facts are governed by Rule 21c, T.R.C.P. The applicable part of the rules states:

"(1) An extension of time may be granted for late filing in a court of civil appeals of a transcript, statement of facts, motion for rehearing, or application to the supreme court for writ of error, if a motion reasonably explaining the need therefor is filed within fifteen (15) days of the last date for filing as prescribed by the applicable rule or rules."

The standard for determining the reasonableness of an explanation for delay was defined by the Supreme Court in *Mesh-*

*wert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. Sup. 1977) as "any plausible statement of circumstances indicating that failure to file within the sixty–day period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." We are, therefore, guided by this test in evaluating the reasonableness of appellant's explanation.

■ Lateness in requesting preparation of the statement of facts is an element to be considered in determining whether an extension of time should be granted. In evaluating the reasonableness of a late request, the Supreme Court said in *Patterson v. Hall*, 430 S.W.2d 483, 486 (Tex.Sup. 1968), that the Court of Civil Appeals has a duty to decide in the light of all attendant facts and circumstances, the preliminary question of whether the request for the record was made within a reasonable time. Although *Patterson* was decided prior to the promulgation of Rule 21c, the duty of the Court of Civil Appeals to apply sound discretion to all the facts and circumstances in determining reasonableness is still clear. See *Shepard v. Shepard*, 572 S.W.2d 86 (Tex.Civ.App. —Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Hildyard v. Fannel Studio, Inc.*, 547 S.W.2d 332 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Taft v. Wolma*, 541 S.W.2d 673 (Tex.Civ.App.—San Antonio 1976, no writ).

A liberal application of Rule 21c prevents harsh results whenever a reasonable explanation exists. However, the rule would be absurd and meaningless if any explanation would suffice. Efficient appellate practice would be seriously frustrated if an appellant were permitted to receive extensions of time when he has not even initiated some positive steps necessary to have the record prepared.

■ In every case where the delay in filing the record is not caused by the inability of the trial court clerk or court reporter to prepare their respective portions of the record, some type of error necessarily underlies the failure to tender the completed record by the due date. See *Hildyard v. Fannel Studio, Inc.*, 547 S.W.2d 332 (Tex.

Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). But the mere presence of an error is not sufficient. If it were, there would be no significant distinction between a Rule 21c motion for extension of time and a simple motion for continuance. The minimum conduct may be something less than diligence, but it must be greater than negligence and indifference. An error resulting from indifference, negligence or disregard is not based on a plausible explanation, and therefore cannot be considered to be reasonable. See: *Hildyard v. Fannel Studio, Inc.*, 547 S.W.2d 332 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.) and cases cited therein; and *Rutherford v. Jones*, 584 S.W.2d 710 (Tex.Civ.App.—Dallas 1979, no writ); *Brice v. Brice*, 581 S.W.2d 699 (Tex. Civ.App.—Dallas 1979, no writ); *Taft v. Wolma*, 541 S.W.2d 673 (Tex.Civ.App.—San Antonio 1976, no writ); *Fortune v. Fortune*, 532 S.W.2d 411 (Tex.Civ.App.—Austin 1976, no writ); cf. *Scheffer v. Chron*, 560 S.W.2d 419 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.).

■ While a reasonable time during which a statement of facts should be requested will vary depending on the length and complexity of the trial, as well as the number and nature of the exhibits to be prepared as part of the record, we find it to be unacceptable to order the statement of facts just two days before the deadline for filing in this case.

We hold that appellant has not offered a reasonable explanation for failure to timely request the statement of facts. Appellant's motion for extension of time is denied, and appellees' motion to dismiss the appeal is granted.