**B. Gene MOORE, et al., Appellants,**

v.

**Dorothy Ann DAVIS, Appellee.**

**No. 05–82–00269–CV.**

Court of Appeals of Texas,
Dallas.

Aug. 16, 1982.

David W. Shuford, Dallas, for appellants.

Joseph B. Morris, Dallas, for appellee.

Before GUITTARD, C.J., and FISH and ALLEN, JJ.

GUITTARD, Chief Justice.

Appellants have moved to extend the time for filing a statement of facts. We grant the motion on the ground that appellants have reasonably explained their delay in requesting the reporter to begin preparation of the statement of facts.

The judgment was signed December 1, 1981, and a timely motion for new trial was filed. Consequently, the record was due March 11, 1982. Appellants filed their bond on February 26, and the transcript was received and filed in this court on March 5. The motion to extend states that the request for preparation of the statement of facts was made on March 4. The motion makes no attempt to explain why the request was not made sooner, but asserts that the trial lasted more than a week and that the court reporter was unable to prepare the statement within the time required. An affidavit of the reporter states that at least sixty days would be required for preparation of the statement of facts because of other matters requiring prior attention.

Such a delay in requesting the statement of facts from the reporter is one of two types of delay for which rule 21c[1] requires a reasonable explanation. If the record is available for filing before the deadline, but is not filed in time, then the motion to extend need only explain that failure to file the record was not intentional, but was the result of inadvertence, mistake or mischance. In such a case failure to request the record earlier is immaterial. *United States Fire Ins. Co. v. Stricklin,* 547 S.W.2d 338, 340 (Tex.Civ.App.—Dallas 1977, no writ); *see Meshwert v. Meshwert,* 549

---

1. All references to rules are to the Texas Rules of Civil Procedure.

S.W.2d 383, 384 (Tex.1977). If the record is not requested until it is too late for it to be prepared and filed in time, as in the present case, then the motion must explain why appellant has failed to make an earlier request. *Southern Pac. Transp. Co. v. Yendrey,* 605 S.W.2d 676, 678 (Tex.Civ.App.—Corpus Christi 1980, no writ) (request two days before deadline); *Rutherford v. Jones,* 584 S.W.2d 710, 711 (Tex.Civ.App.—Tyler 1979, no writ) (no request before deadline); *Brice v. Brice,* 581 S.W.2d 699, 701 (Tex.Civ. App.—Dallas 1979, no writ) (request one day before deadline). In explaining this type of delay, the appellant is not held to a standard of reasonable diligence, but must plausibly show that the delay was not deliberate or the result of conscious indifference; otherwise, any explanation at all, no matter how flimsy, would satisfy the rule. *See Southern Pac. Trans. Co. v. Yendrey,*[2] *supra* at 678; *Brice v. Brice, supra* at 701.

A difficulty arises, however, in determining when the statement of facts must be ordered. Before adoption of rule 21c, the Supreme Court had held that the request must be made promptly after giving notice of appeal. *Patterson v. Hall,* 430 S.W.2d 483, 485 (Tex.1968). This holding was made in view of the language of rule 377(c) of the Texas Rules of Civil Procedure, which then provided:

> (c) Promptly after notice of appeal is given and where a request is made of the official court reporter for the preparation of a transcript of all or any part of the evidence adduced on the trial of the case, or whenever, with or without such a request, a statement of facts is filed or offered for filing by appellant, the appellant shall deliver or mail to the appellee or his counsel and file with the clerk of the court a designation in writing of the portions of the evidence desired, and shall specify the portions desired in narrative form, if any, and the portions desired in question and answer form, if any, and the portions that are desired to be omitted. Within ten days thereafter any other par-

ty to the appeal may file a designation in writing of any additional portions of the evidence to be included, specifying the portions desired in narrative form, if any, and the portions desired in question and answer form, if any.

Although the rule did not expressly require the request to the reporter to be made "[p]romptly after notice of appeal," it did require the appellant to make his designation of the evidence promptly after that time. *Patterson* interprets this requirement as applying that time "inferentially" to the request to the reporter to prepare the statement of facts.

By amendment effective January 1, 1976, the notice of appeal was abolished, but the appellant was required to make his designation "promptly." As amended, however, the rule does not specify any event after which prompt action must be taken. Consequently, it is not clear whether the designation must be made promptly after the judgment is signed, or whether a later designation may be considered prompt.

We conclude that rule 377(c) cannot reasonably be interpreted to require the appellant to order the record promptly after judgment, even though rule 386 now provides that the time for filing the record always runs from the signing of the judgment. Rule 356 allows thirty days after judgment for perfecting the appeal by filing a bond, and allows ninety days if a motion for new trial is filed. Apparently, the policy of the rules is to allow an unsuccessful litigant ninety days in which to prepare a motion for new trial, present it to the trial court for a ruling, and then decide whether to appeal. This policy would be frustrated to the extent that the decision to order a statement of facts must be made in some cases well in advance of the time for filing the bond.

In *Patterson,* the Supreme Court also discussed the problem of allowing time for appellant to consider his decision to appeal.

---

**2.** In *Yendrey* the court says "the minimum conduct may be something less than diligence but it must be greater than negligence or indifference." This statement seems to mean that "negligence" means something other than lack of diligence.

The court recognized that the notice then required was only a formality and that the real decision to appeal often was not made until later. Accordingly, the court held that the appellate court must consider the circumstances of the appellant in determining whether the statement of facts had been requested promptly. When the notice of appeal was abolished, no express requirement was made that the record be designated promptly after judgment. We are not persuaded that such a requirement was imposed by implication.

Another possible interpretation is that the promptness requirement relates to the deadline provided in rule 386 for filing the record. This interpretation would require the appellant to obtain from the court reporter an estimate of the probable time required for preparing the statement of facts and make his designation of the evidence and also his request to the reporter at a time when the statement of facts can reasonably be expected to be available for filing within the deadline. Presumably, if it is not ready then, the appellant would be able to "reasonably explain" his need for an extension. The difficulty with this interpretation is that in the case of a long trial, particularly if the reporter has other records to prepare, the appellant would be required to make a commitment to pay the reporter for a statement of facts before he is in a position to commit himself to an appeal. Long trials present the kind of cases in which more time is needed to consider the expense of an appeal and to evaluate the prospects for reversal. The difficulty is aggravated by the 1981 amendment to rule 386, which allows only one hundred days from the judgment for filing the record when a motion for new trial has been filed. Consequently, we do not construe the rules as requiring the appellant to order the record and make his designation as soon after judgment as may be necessary to allow time for preparation and filing of the record before the deadline.

■ We conclude, rather, that the statement of facts is requested "promptly" if it is made at or before the time appellant perfects his appeal. Presumably, when he files the bond, he has already decided to appeal. If he fails to request the statement of facts at that time, he assumes the burden of explaining why he has failed to do so. On the other hand, if he makes his request when he perfects his appeal, he need not explain why he failed to make the request earlier because the rules contemplate his having at least that much time in which to make his decision. If such an explanation were required, the time of counsel for both parties and of the appellate court would be consumed unnecessarily in the preparation, opposition, and consideration of such explanatory motions without substantial acceleration of the appellate process.

This conclusion harmonizes rule 377(c) with the rule which directs the clerk to prepare the transcript as soon as the appeal is perfected. Rule 376 provides: "Upon the filing of the cost bond or deposit, the clerk of the trial court shall prepare ... and immediately transmit to the appellate court ... a true copy of the proceedings ...." In our view it is reasonable to expect appellant to request preparation of the statement of facts at the time he sets the appellate process in motion by filing his bond, but it is unreasonable, or, at least, unnecessary under the rules, to require him to make the request sooner.

■ Applying that interpretation here, we must determine whether appellants have reasonably explained their need for more time. They filed their bond on February 26 and made their request to the reporter on March 4. Their motion is accompanied by an affidavit of the reporter stating that sixty days would be needed for preparation of the statement of facts. In a sworn response to appellee's contest of the motion, appellants' counsel states: "During the time that this time period was running, the attorney for the appellee was negotiating a settlement of this matter." This statement has not been controverted by appellee. In the absence of any challenge to the factual accuracy of this statement, we hold that negotiation for settlement by counsel for appellee is sufficient to reason-

ably explain appellants' delay from February 26, when the bond was filed, until March 4, when the statement of facts was requested.

We do not regard this holding as contrary to *Brice v. Brice,* 581 S.W.2d 699, 701 (Tex. Civ.App.—Dallas 1979, no writ). In that case this court held that neither negotiations by an appellant for sale of the business involved in the lawsuit nor preoccupation of appellant's counsel with other affairs was a reasonable explanation for the need for more time. There was no showing, as here, that the appellee's counsel was negotiating for settlement of the case during the period when time was running for filing the record.

Accordingly, our order of April 8, 1982, overruling appellants' motion to extend the time for filing the statement of facts is set aside and the motion is granted. Since the statement of facts has already been tendered for filing, the clerk is directed to file it and set the appeal for submission in due course.