Johnny Lee JACKSON, Appellant,

v.

Verta Jo Jackson
CRAWFORD, Appellee.

No. 05–86–00030–CV.

Court of Appeals of Texas,
Dallas.

July 21, 1986.

Lana Johnson, Dallas, for appellant.

Karen L. Hirschman, Dallas, for appellee.

Before GUITTARD, C.J., and McCRAW and STEWART, JJ.

GUITTARD, Chief Justice.

Appellant, Johnny Lee Jackson, moves for an extension of time to file the statement of facts on the ground that the official reporter demanded a deposit before beginning preparation of the statement of facts. We hold that the motion states a "reasonable explanation" for the extension under the circumstances of this case because the reporter could not properly demand a deposit as payment before the statement of facts was ready for delivery. Accordingly, we grant the extension.

The statement of facts was originally due on April 25, 1986; Jackson filed his motion to extend on April 30, within the 15–day period prescribed by rule 21c.[1] On May 13, appellee, Verta Jo Jackson Crawford, filed her opposition to Jackson's motion to extend. The question is whether Jackson has provided a reasonable explanation, as rule 21c requires, for his need to extend time.

Jackson's motion shows that on January 16 he made a written request to the reporter to prepare the statement of facts, as required by rule 377(a), and that he made another written request on April 8. How-ever, the reporter demanded a deposit before beginning to prepare the statement of facts. Jackson did not tender a deposit until April 30, the day he filed his motion to extend. Since the reporter would only begin preparation on April 30, more time is needed to complete the statement of facts. Therefore, the reasonableness of Jackson's explanation for the delay in filing depends upon whether Jackson had reason to believe that the reporter would begin preparing the statement of facts as soon as she had received a written request or designation therefor, even without a deposit.

Before adoption of rule 354(e), the appellate courts had held that the reporter could not properly require a deposit before preparing the statement of facts. *Wells v. Wells*, 570 S.W.2d 224, *passim* (Tex.Civ. App.—Houston [1st Dist.] 1978, no writ). Once an appellant had filed a cost bond, the reporter had a mandatory duty to prepare a statement of facts upon the appellant's written request or designation. *Volpe v. Stephens*, 589 S.W.2d 809, 811 (Tex.Civ. App.—Dallas 1979, no writ). The reporter "ha[d] no right to require prepayment before preparing the statement of facts." 589 S.W.2d at 811.

Because compelling the reporter to look solely to the cost bond appeared unduly harsh, rule 354 was amended, effective April 1, 1984, to include section (e), which provides:

Even if a bond is filed or deposit in lieu of bond is made, appellant shall either pay or make arrangements to pay the court reporter upon completion and delivery of the statement of facts.

This section defines an appellant's obligation to pay for the completed statement of facts; it also provides a means for reporters to obtain payment before a final resort to the cost bond.

■ Rule 354(e), however, does not require the appellant to pay in advance. Nothing in section (e) alters the reporter's duty, as defined in the case law, to prepare the statement of facts without a deposit.

---

1. All references to the rules are to the Texas Rules of Civil Procedure.

We hold, therefore, that, when an appellant has properly filed a cost bond and has made a written request to the official reporter for a statement of facts in accordance with rule 377(a), the reporter has a mandatory duty to prepare the statement of facts and cannot properly require a deposit from the appellant before doing so.

The next question is whether the reporter's improper demand for a deposit before beginning preparation of the statement of facts is a reasonable explanation under rule 21c. In *Alexander v. Bowens*, 581 S.W.2d 714, 715–16 (Tex.Civ.App.—Dallas 1979, no writ), we held that such a demand was a reasonable explanation for the delay. We see nothing in rule 354(e) that alters the result reached in *Alexander*. We conclude, therefore, that a delay in filing the statement of facts can be reasonably explained, for purposes of rule 21c, by the reporter's improper demand.

Accordingly, we hold that a reasonable explanation is shown here. Although Jackson made a timely request on January 16, 1986, the reporter would not begin preparation of the statement of facts without a cash deposit. The record was due to be filed by April 25, and Jackson finally tendered the deposit to the reporter on April 30. Consequently, Jackson seeks an extension of time in which to file the statement of facts. Crawford's opposition merely states, without authority, that failure to tender a deposit is a failure "to exercise due diligence" in prosecuting the appeal, such that Jackson should be denied an extension. "Diligence," however, is not the standard. *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977).

For the reasons given above, we cannot agree that merely failing to tender a requested deposit requires denying an extension of time in which to file the record. If the reporter had begun preparation on January 16, when Jackson made his request, Jackson could reasonably have supposed that the statement of facts would have been ready to file on April 25, 1986. Therefore, we grant Jackson's motion for a thirty-day extension in which to file the statement of facts.