INMAN'S CORPORATION, Wade
H. Gaylor, and Mary S.
Gaylor, Appellants,

v.

TRANSAMERICA COMMERCIAL
FINANCE CORPORATION,
Appellee.

No. 05–91–01131–CV

Court of Appeals of Texas,
Dallas.

Nov. 22, 1991.

Opinion on Denial of Reconsideration
Feb. 12, 1992.

**474**

Jeffrey S. Lynch, Dallas, for appellant.

Andrew Barr, Mary Jo Vida, Kevin J. Cook, Dallas, for appellee.

Before ENOCH, C.J. and LAGARDE and BURNETT, JJ.

## OPINION

LAGARDE, Justice.

This presubmission opinion addresses appellants' motion and supplemental motion to extend time to file the statement of facts. The issue is whether appellants, who made an untimely request, may rely upon a cross-appellant's timely request to the court reporter to prepare the statement of facts in conjunction with appellants' motions to extend time to file the statement of facts. We hold that appellants cannot rely upon the cross-appellant's timely request. We deny appellants' motions to extend time to file the statement of facts.

Transamerica Commercial Finance Corporation sued appellants, Inman's Corporation, Wade H. Gaylor, and Mary S. Gaylor (the Movants). The Movants countersued Transamerica and filed a third-party petition against Philips Consumer Electronics Company. Philips and Transamerica filed cross-claims against each other. After the trial court entered its final judgment, the Movants perfected their appeal. On the last date for perfecting an appeal and for making a request to the court reporter, Transamerica filed a cash deposit in lieu of cost bond and made a written request. One week thereafter, the Movants made an untimely request for the statement of facts. The Movants filed a timely motion and timely supplemental motion to extend time to file the statement of facts. Both Transamerica and Philips objected to the Movants' motion and supplemental motion because neither motion reasonably explained the Movants' delay in making *the Movants'* request to the court reporter, as required by rule 54(c) of the Texas Rules of Appellate Procedure. Transamerica filed a conditional motion and conditional amended motion to extend time to file the statement of facts. Transamerica wants its motions granted only if the Movants' motions are granted. If the Movants' motions are denied, Transamerica appears to incorrectly assume that the Movants' appeal will be dismissed for want of jurisdiction. TEX. R.APP.P. 54(a).

## TRANSAMERICA'S AND PHILIPS'S ARGUMENTS

■ Transamerica and Philips argue that, because both the Movants' motion and supplemental motion failed to reasonably explain the Movants' delay in making a written request for the statement of facts, this Court should deny both motions. This

argument assumes that the Movants may not rely upon Transamerica's timely request and must rely strictly upon their own request.

Transamerica asserts that the Movants may not rely upon its timely request because it is not an appellant. Transamerica explains that it does not want to appeal and that the only reason it filed a cost bond was to secure a cross-appeal in the event the Movants perfected an appeal. There is nothing conditional about Transamerica's cash deposit in lieu of cost bond; Transamerica perfected an appeal and is, therefore, an appellant. TEX.R.APP.P. 3(a). Transamerica has never moved to dismiss its appeal. TEX.R.APP.P. 59(a).

Transamerica further asserts that the Movants cannot rely upon its timely request because Transamerica filed its request only with respect to its cross-appeal. Transamerica's request asked for all the portions of the statement of facts not requested by the Movants. TEX.R.APP.P. 53(b). However, because the Movants had not requested any portion of the statement of facts at the time Transamerica filed its request, Transamerica's request effectively became a request for the entire statement of facts. We further note that Transamerica's request was not a partial request. TEX.R.APP.P. 53(d). We, therefore, hold that Transamerica's request was not limited to its cross-appeal. Transamerica also appears to argue that the Movants may not rely upon its request because its request was conditional by virtue of its appeal being conditional. As noted earlier, there was nothing conditional about Transamerica's cash deposit. To the extent Transamerica argues that its request was conditional, its argument is without merit.

Philips argues that the Movants may not rely upon Transamerica's request because Transamerica is not an appellant by virtue of the fact that Transamerica was the prevailing party overall, although the trial court denied Transamerica some of the relief it sought. Because Transamerica perfected an appeal independently of the Movants, Transamerica is a party taking an appeal and is, therefore, an appellant. TEX. R.APP.P. 3(a). Philips's argument that Transamerica is not an appellant has no merit.

## THE MOVANTS' ARGUMENTS

■ The Movants argue that their request was timely pursuant to rule 53(b), in that the Movants filed their request within ten days of Transamerica's request. Rule 53(b) provides:

**Other Requests.** Within ten days after service of a copy of appellant's request, any party may in the same manner request *additional portions* of the evidence and other proceedings to be included.

TEX.R.APP.P. 53(b) (emphasis added). Rule 53(b) applies when an appellant requests a partial statement of facts and another party wants additional portions of the statement of facts, not requested by the appellant, included in the appellate record. Because Transamerica did not request a partial statement of facts, we hold that rule 53(b) does not apply. The Movants' reliance upon rule 53(b) has no merit.

■ The Movants argue that a request by one party should be for the benefit of all parties in the same manner a motion for new trial filed by one party extends the appellate timetables for all the parties. TEX.R.APP.P. 41(a)(1). Rule 41(a)(1) expressly provides that a timely motion for new trial extends the appellate timetables for all the parties, whereas rule 53(a) does not expressly state that a request by one party inures to the benefit of all the parties. Because the motion-for-new-trial analogy is distinguishable, the Movants' reliance upon that analogy is without merit.

## RULES 53(a) AND 54(c)

Rule 53(a) provides:

**Appellant's Request.** The appellant, at or before the time prescribed for perfecting the appeal, shall make a written request to the official reporter designating the portion of the evidence and other proceedings to be included therein. A copy of such request shall be filed with the clerk of the trial court and another copy served on the appellee. Failure to timely request the statement of facts

under this paragraph shall not prevent the filing of a statement of facts or a supplemental statement of facts within the time prescribed by Rule 54(a). TEX.R.APP.P. 53(a). Rule 53(a) requires "the appellant" to make a written request for the statement of facts. TEX.R.APP.P. 53(a). An "appellant" is "the party taking the appeal ... to the court of appeals." TEX.R.APP.P. 3(a). Pursuant to this definition, both the Movants and Transamerica are appellants.

Rule 54(c) states:

> **Extension of Time.** An extension of time may be granted for late filing in a court of appeals of a transcript or statement of facts, if a motion reasonably explaining the need therefor is filed by appellant with the court of appeals not later than fifteen days after the last date for filing the record. *Such motion shall also reasonably explain any delay in the request required by Rule 53(a).*

TEX.R.APP.P. 54(c) (emphasis added).

When an appellant wants to extend the time to file the statement of facts, the appellant must "reasonably explain any delay in the request required by Rule 53(a)." TEX.R.APP.P. 54(c). "[T]he request required by Rule 53(a)" is "[t]he appellant['s]" request. TEX.R.APP.P. 53(a). "The appellant" in this instance is the Movants, not Transamerica. When drafting the rules of appellate procedure, the Texas Supreme Court has demonstrated the ability to enable a document filed by one party to inure to the benefit of all the parties. *See, e.g.,* TEX.R.APP.P. 41(a)(1) (motion for new trial). Had the Texas Supreme Court intended a request filed by any party to inure to the benefit of the remaining parties, we conclude that the Texas Supreme Court would not have written rule 53(a) as it did.

The Movants have suggested in their motions that their filing a request would be redundant, given the fact that Transamerica had already made a request. Although not suggested by the Movants, cost bonds may appear to be analogous. The Texas Supreme Court has held that, where an appellant does not limit its appeal, a party adverse to the appellant may assert a cross-appeal without having to file an independent appeal, that is, without having to file its own cost bond. *Donwerth v. Preston II Chrysler–Dodge,* 775 S.W.2d 634, 638–39 (Tex.1989). To the extent that the Texas Supreme Court did not rely upon the plain language of rule 40(a)(4) of the Texas Rules of Appellate Procedure,[1] the rationale underlying the *Donwerth* opinion appears to be that, once an appellant perfects an unlimited appeal, nothing remains for the adverse parties to perfect; therefore, the rules do not require the adverse parties to perform a redundant act. By analogy, it would appear that, once an appellant makes an unlimited request for the statement of facts, nothing remains for the other parties to request; therefore, the rules should not require the other parties to perform a redundant act. For the reasons discussed below, this analogy is specious.

■ Once an appellant perfects an unlimited appeal, it perfects any appeal of parties adverse to the appellant. *Donwerth,* 775 S.W.2d at 638–39. The appellant cannot thereafter unilaterally dismiss the appeal to the prejudice of the adverse parties. TEX.R.APP.P. 59(a)(1)(B). Put another way, in the event an appellant perfects an unlimited appeal, waits for the time for filing the appeal bond to expire, and moves to voluntarily dismiss its appeal and to dismiss all cross-appeals on the basis of the cross-appellants' failure to file a timely appeal bond, the adverse parties' reliance upon the appellant's appeal bond is justified, because rule 59(a)(1)(B) protects the adverse parties.

■ In contrast, with respect to requests to court reporters, no comparable provisions exist that justify one party's reliance upon another party's request. An appellant's written request to the court reporter obligates the court reporter to prepare the statement of facts. *See Jackson v. Craw-*

---

**1.** By amending rule 40(a)(4) in 1990, the Texas Supreme Court deleted the "plain language" upon which *Donwerth* was apparently based.

*ford,* 715 S.W.2d 130, 131–32 (Tex.App.—Dallas 1986, no writ). However, nothing in the rules prevents the appellant from orally terminating the request without notification to the other parties. Should an appellant terminate its request, a request by another party serves to inform the court reporter to nevertheless prepare the statement of facts. Absent a second request, nothing requires the court reporter to prepare the statement of facts. Consequently, a second request, unlike a second appeal bond, serves a function.

Because the rules provide no protection for the other parties' reliance upon an appellant's request, the rules implicitly suggest that the other parties have no basis for relying upon an appellant's request and must, therefore, make their own request. In the context of the appellate record, the appellate rules support the premise that each appellant must independently insure that the appellate record upon which it relies is timely filed in the appellate court. Rule 50(d) provides: "The burden is on the appellant, *or other party seeking review,* to see that a sufficient record is presented to show error requiring reversal." Tex. R.App.P. 50(d) (emphasis added); *see* Tex. R.App.P. 53(k). In an adversarial system, a party is ill-advised to assume that an action taken by another party will inure to its benefit. *Cf. American Cyanamid Co. v. Frankson,* 732 S.W.2d 648, 655 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.) (party cannot rely on other parties' designation of expert witnesses as its own designation of expert witnesses). We hold that the Movants may not rely upon Transamerica's timely request.

Because the Movants may not rely upon Transamerica's timely request, the Movants must reasonably explain why their request was untimely. Tex.R.App.P. 54(c). Both the Movants' motion and supplemental motion fail to reasonably explain the Movants' delay in making a written request. The Movants also filed a reply to Transamerica's response in which the Movants maintain that their failure to file a timely request is not an issue. Because the Movants have not given a reasonable explanation for their delay in making a written

request for the statement of facts to the court reporter, we deny their motion and supplemental motion. *Dallas Mkt. Center v. The Swing, Inc.,* 775 S.W.2d 838, 839–41 (Tex.App.—Dallas 1989, no writ); *Ameriphone, Inc. v. Tex–Net, Inc.,* 742 S.W.2d 777, 777–78 (Tex.App.—San Antonio 1987, no writ).

■ To the extent that the Movants give any explanation for the delay in making the request, in their reply to Transamerica's response, they state: "[The Movants were] hopeful that settlement negotiations would resolve the dispute between the parties and thereby eliminate the need to order the Statement of Facts, especially in light of the exorbitant expense [the Movants] would incur to get the transcript[ion] prepared." The issue is whether the failure to make the request within the required time was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *See Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668, 670 (Tex.1989); *Dallas Mkt. Center,* 775 S.W.2d at 840. Settlement negotiations are not a reasonable explanation for failure to make a timely request. *See Sonfield v. Sonfield,* 709 S.W.2d 326, 328 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Splawn v. Zavala,* 652 S.W.2d 578, 579 (Tex.App.—Austin 1983, no writ) (per curiam); *Pena v. Petroleum Casualty Co.,* 441 S.W.2d 657, 658 (Tex.Civ.App.—Beaumont 1969, no writ) (per curiam). Delay as a result of indecision caused by the reluctance to incur the expense of the statement of facts is not delay as a result of inadvertence, mistake, or mischance. *See Shriver v. McLennan County Children's Protective Servs.,* 610 S.W.2d 229, 229–30 (Tex.Civ.App.—Waco 1980, no writ); *Jahant v. Ogden,* 424 S.W.2d 457, 458 (Tex.Civ.App.—San Antonio 1968, no writ) (per curiam). The whole point of a deadline is to force the issue. Should an appellant, cognizant of a deadline, fail to decide, the deadline decides the issue by default.

■ Citing *Jackson v. Crawford,* the Movants also maintain that the court reporter communicated to counsel that she

might require a deposit, and that where a court reporter demands a deposit before beginning preparation of the statement of facts, the court reporter's demand is a reasonable explanation for the delay. The Movants' reliance upon *Jackson v. Crawford* is misplaced. The issue is not why the Movants have not filed the statement of facts timely; rather, the issue is why the Movants have not made a timely written request to the court reporter to prepare the statement of facts. A court reporter's threat that she will demand a deposit before preparing the statement of facts does not prevent an appellant from making a timely request, although, as in *Jackson*, a court reporter's refusal to prepare the statement of facts for want of a deposit may prevent an appellant from timely filing the statement of facts. *Jackson*, 715 S.W.2d at 131–32.

Denying the Movants the statement of facts is harsh. Nevertheless, the Movants, like any other appellant, had the opportunity to timely request the statement of facts. The Movants failed to make a timely request. In the event the Movants failed to timely request the statement of facts, the Movants, like any other appellant, had an opportunity to reasonably explain the delay. The Movants have not alleged that they relied upon Transamerica's request and, therefore, mistakenly assumed that their request was unnecessary. The Movants have not alleged that they miscalculated the date on which the rules required them to make a request. Similarly, the Movants have not argued that their lack of familiarity with the rules caused them to file their request untimely. *See Garcia*, 774 S.W.2d at 670 (professional negligence may be a reasonable explanation). In the face of rules that require appellants to make a timely request and that require appellants to reasonably explain any delay in making a timely request, the Movants have argued that their untimely request was timely and that, assuming their request was untimely, they did not need to explain the delay.

The Movants' motion and supplemental motion to extend time to file the statement of facts are denied. Transamerica's motion and amended motion to extend the time to file the statement of facts were conditioned on the granting of the Movants' motions. Because we have denied the Movants' motions, we also deny Transamerica's motions. The Movants' brief on the merits is due thirty days from the date of this opinion.

## OPINION ON MOTION FOR RECONSIDERATION

On November 22, 1991, this Court denied the motion and supplemental motion to extend time to file the statement of facts of appellants Inman's Corporation, Wade H. Gaylor, and Mary S. Gaylor (the Movants) and the conditional motion, as amended, to extend time to file the statement of facts of cross-appellant Transamerica Commercial Finance Corporation. On December 6, 1991, the Movants filed, as one document, a motion to reconsider and second supplemental motion for extension of time to file the statement of facts (the December 6 motion). For the reasons given below, we deny the Movants' December 6 motion.

## UNTIMELY SECOND MOTION TO EXTEND TIME

As explained in this Court's original opinion, Transamerica made a written request to the court reporter to prepare the statement of facts on the last possible day for making a timely written request. Seven days thereafter, the Movants made an untimely written request. The Movants' December 6 motion argues, for the first time, that their counsel mistakenly relied upon Transamerica's timely request and mistakenly assumed that she had an additional ten days to make the request pursuant to rule 53(b) of the Texas Rules of Appellate Procedure. Unlike the Movants' unsupported and unverified motion, supplemental motion, and reply, the Movants' December 6 motion does contain an affidavit signed by their counsel. Although the Movants denominate this portion of their motion as a second supplemental motion, this is a misnomer. Because the Court has disposed of all of the Movants' previous motions, there are no live motions to supple-

ment. *See Sifuentes v. Texas Employers' Ins. Ass'n,* 754 S.W.2d 784, 787 (Tex.App.—Dallas 1988, no writ). This portion of the Movants' December 6 motion is a second motion to extend time to file the statement of facts. Because the time to file a motion to extend time has expired, the Court cannot now consider these arguments and supporting affidavit. *Sifuentes,* 754 S.W.2d at 789; *Collins v. Williamson Printing Corp.,* 746 S.W.2d 489, 491 (Tex.App.—Dallas 1988, no writ).

## HARM ANALYSIS

The Movants argue that their seven-day delay in making the request did not contribute to the court reporter's inability to timely prepare the statement of facts; therefore, they argue that this Court should excuse their error. The Movants rely upon *Monk v. Dallas Brake & Clutch Service Co.,* 683 S.W.2d 107 (Tex.App.—Dallas 1984, no writ); *Dillard v. Freeland,* 714 S.W.2d 378 (Tex.App.—Corpus Christi 1986, no writ); and *Adams v. H.R. Management & La Plaza, Ltd.,* 696 S.W.2d 256 (Tex.App.—San Antonio 1985, no writ).

This Court, in *Monk,* noted that whether a late request delayed the preparation of the statement of facts was a factor when determining whether the appellants reasonably explained the delay in making the request. *Monk,* 683 S.W.2d at 109. The San Antonio Court of Appeals also relied on the fact that a timely request would not have made a difference—the court reporter still could not have prepared the statement of facts timely—as a factor when determining whether to grant a motion to extend time to file the statement of facts. *Adams,* 696 S.W.2d at 258. The Corpus Christi Court of Appeals agreed with *Adams. Dillard,* 714 S.W.2d at 381.

These cases are distinguishable. All three cases were written before the Texas Supreme Court's opinion in *Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668 (Tex. 1989). *Garcia* defined the term "reasonably explain" as any plausible statement of circumstances suggesting that a party's failure to make a timely filing was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance—even if that conduct could also be characterized as professional negligence. *Garcia,* 774 S.W.2d at 669–70. The issue is whether the appellant has reasonably explained the delay in making a timely request, not whether the late request contributed to the delay. TEX.R.APP.P. 54(c). The harm analysis that *Monk, Adams,* and *Dillard* engaged in is not an element in the analysis. *See Container Port Servs., Inc. v. Gage,* 719 S.W.2d 662, 665 (Tex.App.—El Paso 1986, no writ).

The Movants rely upon *Head v. Twelfth Court of Appeals* for the proposition that the lack of injury suffered by adverse parties is a relevant consideration. *Head v. Twelfth Court of Appeals,* 811 S.W.2d 570, 571 (Tex.1991) (orig. proceeding) (per curiam). That case is distinguishable. The issue in that case was whether the Tyler Court of Appeals abused its discretion when it denied an extension of time to file a late brief. Rule 74(*l*) expressly provides:

In civil cases, when the appellant has failed to file his brief in the time prescribed, the appellate court may dismiss the appeal for want of prosecution, unless reasonable explanation is shown for such failure *and that appellee has not suffered material injury thereby....*

TEX.R.APP.P. 74(*l*) (emphasis added). The rule with respect to a late brief expressly makes harm an element of the analysis, whereas the rule with respect to a late request does not. TEX.R.APP.P. 54(c). The Movants' reliance upon *Head* is misplaced.

The Movants again argue that, given the fact that Transamerica had already filed a request, the Movants' late request is harmless because Transamerica's request already obligated the court reporter to prepare the statement of facts. This Court's November 22, 1991 opinion adequately addressed this argument.

## SETTLEMENT NEGOTIATIONS

The Movants argue that this Court erred in its November 22, 1991 opinion when it stated that settlement negotiations did not constitute a reasonable explanation. The Movants peremptorily dismiss the three

cases cited for that proposition in the November 22, 1991 opinion and cite a 1982 opinion from this Court, *Moore v. Davis*, 644 S.W.2d 40 (Tex.App.—Dallas 1982, no writ), for the proposition that settlement negotiations constitute a reasonable explanation for an appellant's failure to make a timely request.

### Moore

At the time this Court wrote *Moore*, there was no set deadline for making the request. *Thornton v. Fenelon Funeral Home*, 646 S.W.2d 934, 935 (Tex.1983); *Moore*, 644 S.W.2d at 42. The rules provided that the appellant had to make the request "promptly," but failed to specify from what point "promptly" would be judged. *Moore*, 644 S.W.2d at 42. This Court concluded that an appellant had to make its request at or before the time the appellant perfected its appeal by filing the bond. *Moore*, 644 S.W.2d at 43. If an appellant waited until after perfecting its appeal to make its request, then the appellant assumed the burden of explaining why it failed to make its request sooner. *Moore*, 644 S.W.2d at 43.

In *Moore*, the appellants made their request approximately one week after perfecting their appeal. The appellants in *Moore* explained in a sworn reply[1] to appellee's response to appellants' motion that they and the appellee were engaged in settlement negotiations to account for the one-week delay. *Moore*, 644 S.W.2d at 43. The appellants' reply was sworn to, and the appellee did not contest the appellants' allegations. *Moore*, 644 S.W.2d at 43. The Court concluded that the uncontested, verified allegation that the parties were engaged in settlement negotiations was sufficient to reasonably explain the appellants' delay. *Moore*, 644 S.W.2d at 43–44.

### Moore is Distinguishable

*Moore* is procedurally distinguishable from this case. Unlike the reply in *Moore*, the Movants' reply[2] was neither verified nor supported by an affidavit. "Motions dependent on facts not apparent in the record and not ex officio known to the court must be supported by affidavits or other satisfactory evidence." TEX.R.APP.P. 19(d). It is only now, in the Movants' December 6 motion, that the Movants have supported the allegation with an affidavit. As explained earlier, the Movants' December 6 motion, to the extent that it represents a second motion to extend time to file the statement of facts, is untimely and cannot be considered. *Sifuentes*, 754 S.W.2d at 789.

*Moore* is distinguishable for another reason. Both Transamerica and Philips contest the allegation that the parties were engaged in ongoing settlement negotiations, whereas in *Moore*, the appellee did not. Attached to Transamerica's December 16, 1991 response is Laura House's affidavit, which states that she and a second attorney engaged in a five-to-ten minute telephone conversation with the Movants' counsel on July 22, 1991, which was approximately two weeks before the deadline for making the written request. House said that Transamerica made a simple settlement offer, but the Movants never responded. Kevin Cook, an attorney for Philips, states in his affidavit, which is attached to Philips's December 13, 1991 response, that Philips and the Movants never engaged in any settlement negotiations.

Nothing in *Moore* undermined the plausibility of the appellants' allegations. In the present case, numerous factors weaken the plausibility of the Movants' allegations that

---

1. The *Moore* opinion refers to this as a "response." For the purpose of clarity and consistency, this opinion refers to all documents filed by the nonmovants as "responses" and all documents filed by the movants addressing the nonmovants' responses as "replies."

2. In addition to filing a motion and supplemental motion to extend time to file the statement of facts, the Movants also filed a reply to Trans-

america's response. The Movants' reply was the first of the Movants' documents to suggest that settlement negotiations were the explanation for the delay in making the written request. The Movants' counsel's affidavit (attached to the December 6 motion) states that the Movants first raised this argument in their supplemental motion. We have reviewed the Movants' supplemental motion and reply. Counsel is mistaken.

they delayed making the request because they were engaged in settlement negotiations. Although the Movants' December 6 motion states that the Movants were engaged in ongoing settlement negotiations, counsel's affidavit does not support that allegation; instead, it merely states that the Movants preferred to end the litigation amicably and to settle, if possible. Counsel's affidavit also states that the Movants were hopeful that settlement negotiations would produce a favorable result. In the face of the contradicting affidavits, these statements constitute little more than platitudes. We note that the Movants perfected their appeal on July 25, 1991, three days after the telephone conversation occurred, which suggests that the Movants were conscientious enough to perfect the appeal timely and that the Movants had dismissed the prospects of settling the case. Further undercutting the Movants' argument is their counsel's affidavit, which states: "As August 7, 1991 approached [the last date for making a request for the statement of facts], it became apparent that the differences between the parties had not been resolved...." This statement demonstrates that counsel was aware of the deadline. It also demonstrates that counsel was aware that the settlement negotiations, such as they were, were not likely to render the appeal moot. Both Transamerica and Philips suggest that the reason the Movants did not file their request timely is because they wanted to avoid incurring the expense of the statement of facts and wanted to wait to see if Transamerica or Philips would make the request first, thereby forcing Transamerica or Philips to shoulder the expense of the statement of facts. We note that the Movants' counsel's affidavit states that the Movants wanted to pursue the appeal as economically as possible. Given the record before this Court, Transamerica and Philips's allegations appear to be the most plausible explanation for why the Movants failed to make a timely request. If this is the explanation, it represents a deliberate and intentional failure to make a timely request.

*Moore* is distinguishable for another reason: The law has changed considerably since 1982, when this Court decided *Moore*. In 1982 the law regarding when a request was late and how a late request affected the motion to extend time to file the statement of facts was still developing. *See Thornton*, 646 S.W.2d at 935–36; *Moore*, 644 S.W.2d at 42–43. The Court in *Moore* discussed three standards of review. The Texas Supreme Court in *Thornton*, an opinion decided shortly after *Moore*, suggests that there may have been a fourth standard.

The first standard *Moore* addressed applied when a party was able to file timely the statement of facts but failed to do so. According to *Moore*, in that instance, the request is immaterial, and the issue is whether the failure to file the record was "not intentional, but was the result of inadvertence, mistake or mischance." *Moore*, 644 S.W.2d at 41 (citing *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977)). This is the standard set out in *Garcia*. *Garcia*, 774 S.W.2d at 669–70 (citing *Meshwert*, 549 S.W.2d at 384). However, the Court does not appear to have applied that standard because *Moore* did not involve a statement of facts that could have been, but was not, timely filed. *Moore*, 644 S.W.2d at 42.

The next standard the Court discussed applied when a party failed to make a timely request and when the statement of facts could not be prepared and filed timely. *Moore*, 644 S.W.2d at 42. In that instance, the movant had to explain why it failed to make an earlier request, and the explanation had to plausibly show that the delay was not deliberate or the result of conscious indifference. *Moore*, 644 S.W.2d at 42. Curiously, all three cases that *Moore* relied upon for this second standard relied upon *Meshwert*. *Southern Pac. Transp. Co. v. Yendrey*, 605 S.W.2d 676, 677–78 (Tex.Civ.App.—Corpus Christi 1980, no writ) (per curiam); *Rutherford v. Jones*, 584 S.W.2d 710, 712 (Tex.Civ.App.—Tyler 1979, no writ) (per curiam); *Brice v. Brice*, 581 S.W.2d 699, 701 (Tex.Civ.App.—Dallas, writ dism'd w.o.j.), *cert. denied*, 444 U.S. 901, 100 S.Ct. 211, 62 L.Ed.2d 137 (1979). Nevertheless, the Court in *Moore* suggests that this second standard, although similar

to the standard set out in *Meshwert,* is somewhat different.

The third standard *Moore* addressed applied when the rules required a party to perform an act "promptly." The Texas Supreme Court in *Patterson* (discussed in *Moore*) defined "promptly" as: "[A] reasonable time when all attendant facts and circumstances surrounding the act to be performed are considered." *Patterson v. Hall,* 430 S.W.2d 483, 485 (Tex.1968); *Moore,* 644 S.W.2d at 43. As discussed above, when this Court decided *Moore,* a party had to make its request "promptly." *Moore,* 644 S.W.2d at 42. This would suggest that the test set out in *Patterson* applied. The Court in *Moore* determined that a party acted promptly only if it made its request at or before the time it perfected its appeal. *Moore,* 644 S.W.2d at 43. We note that approximately eight months after this Court decided *Moore,* the Texas Supreme Court, when facing the "promptly" issue, focused primarily upon when the trial court overruled the appellant's motion for new trial as the point from which it determined whether the appellant had made its request "promptly." *Thornton,* 646 S.W.2d at 935.

It is possible that the Court in *Moore* applied a fourth standard. In *Thornton,* the Texas Supreme Court stated: "In deciding whether a reasonable explanation was given for failure to timely file [the statement of facts], the Court must preliminarily consider whether the statement of facts was 'promptly' requested...." *Thornton,* 646 S.W.2d at 935. This statement appears to make the "promptly" standard an element of the "reasonable explanation" standard, that is, whether a party can establish a reasonable explanation may depend upon whether the party made a prompt request.

Under the law as it was in 1982, the "promptly" standard and the "reasonable explanation" standard were both relevant. The "promptly" standard has been removed, as the Texas Rules of Appellate Procedure now provide a date certain by which an appellant must make a written request. TEX.R.APP.P. 53(a). Regarding

the "reasonable explanation" standard, as late as 1989, the Texas Supreme Court recognized that the appellate courts were not applying it consistently. *Garcia,* 774 S.W.2d at 669. *Moore* itself demonstrates confusion over the "reasonable explanation" standard.

Ultimately, however, even if *Moore* represented the current law, we are not persuaded that the Movants have met their burden. Under the "promptly" standard, settlement negotiations could be considered an attendant fact and circumstance surrounding the act to be performed that could constitute a reasonable explanation for not making a request at the time an appellant perfects its appeal. *See Thornton,* 646 S.W.2d at 935; *Patterson,* 430 S.W.2d at 485. In *Moore,* the request came about one week after the appellants perfected the appeal, which, under the "promptly" standard, is reasonably prompt, especially in view of the uncontested, verified allegation that the parties were engaged in settlement negotiations. In this case, the Movants engaged in one short telephone conversation (to which they apparently never deigned to respond), perfected their appeal three days later, and then waited nearly three weeks before making their written request (they perfected the appeal on July 25 and made their request on August 14). Even under the "promptly" standard, this does not appear to be a reasonable time, especially when considering the attendant fact and circumstance that the parties did not pursue earnest settlement negotiations.

Regarding the "reasonable explanation" standard, as articulated by the Texas Supreme Court in *Garcia,* we hold that settlement negotiations are not a "reasonable explanation." When a party, aware of a deadline, gambles that it can settle the case and thereby render the statement of facts unnecessary, the party's failure to comply with the deadline is a deliberate and intentional choice, and the delay cannot be attributed to inadvertence, mistake, or mischance. Should the settlement negotiations fail, an appellant's failure to comply with the appellate deadline can be characterized as a grievous mistake in judgment,

but we hold that it is not the type of mistake contemplated by the Texas Supreme Court in *Garcia.*

 In *Dallas Market Center v. Swing, Inc.,* this Court applied the *Garcia* standard to the request for the statement of facts. *Dallas Mkt. Center v. The Swing, Inc.,* 775 S.W.2d 838, 840 (Tex.App.—Dallas 1989, no writ). However, when setting out the standard, the opinion may have altered it slightly. The opinion states: "The standard is not whether [the appellant's] failure to make the request within the required time was deliberate or intentional, but whether it was the result of inadvertence, mistake, or mischance." *Dallas Mkt. Center,* 775 S.W.2d at 840. The Texas Supreme Court in *Garcia* stated, "[T]he proper focus ... is on a lack of deliberate or intentional failure to comply." *Garcia,* 774 S.W.2d at 670. The *Dallas Market Center* opinion, in contrast, when attempting to restate the rule set out in *Garcia,* appears to suggest that a court should not focus on whether the failure was deliberate or intentional and should focus, instead, exclusively upon whether the failure to comply with the deadline was due to inadvertence, mistake, or mischance. If *Dallas Market Center* is correct, then the Movants may be entitled to an extension, because their failure to comply with the appellate deadline can be characterized as a mistake and because the fact that they appear to have deliberately and intentionally elected not to comply with the deadline would not be a factor. However, after reviewing *Dallas Market Center,* we are persuaded that this Court intended to follow the standard set out in *Garcia* and, to the extent this Court misstated the rule, this Court did so inadvertently. We hold that a failure to comply with a deadline must not only be the result of inadvertence, mistake, or mischance, but the failure must also not be intentional or deliberate. *Garcia,* 774 S.W.2d at 670.

## CONCLUSION

Because the Movants' motion and supplemental motion to extend time to file the statement of facts failed to persuade this Court that the Movants' failure to make a timely request was not deliberate or intentional, but the result of inadvertence, mistake, or mischance, we hold that this Court correctly denied the Movants' motion and supplemental motion on November 22, 1991. The Movants' December 6 motion is denied.

ENOCH, Chief Justice, concurring.

I concur in the result reached by the majority. I agree that the Movants' December 6, 1991 "motion to reconsider and second supplemental motion for extension of time to file the statement of facts" cannot properly be considered a supplemental motion, because all the previous motions had been disposed of at the time that it was filed. Additionally, it cannot be considered a proper motion to reconsider to the extent that it advances arguments not raised in the Movants' earlier motions. Consequently, it is a new, untimely motion to extend the time to file the statement of facts. Thus, we are without authority to consider it. *See Sifuentes v. Texas Employers' Ins. Ass'n,* 754 S.W.2d 784, 787 (Tex.App.—Dallas 1988, no writ). Having reached that conclusion, I would go no further and decline to discuss the merits of the motion.