**DISMISS; and Opinion Filed February 27, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01336-CV

### REAL ESTATE ARBITRAGE PARTNERS, LLC, Appellant
### V.
### GREG GUTMAN, Appellee

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-01809**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

Before the Court is appellant's motion to extend time to file its notice of appeal. The trial court signed the judgment in this case on August 7, 2017. Appellant timely filed a motion for new trial, and on November 20, filed both its notice of appeal and motion to extend time to file a notice of appeal. TEX. R. APP. P. 10.5(b), 26.3. The notice of appeal was filed more than ninety days after the signing of the judgment, making the appeal turn on the motion for extension. Appellee responded in opposition to appellant's motion to extend.

Under rule 10.5(b) a motion to extend time to file the notice of appeal must state, among other items, "the facts relied on to reasonably explain the need for an extension." TEX. R. APP. P. 10.5(b)(1)(C). In its motion, appellant offers as its sole explanation for the untimely filing that the

parties were attempting to reach a settlement agreement. In response, appellee argues that appellant does not show "the late filing was the result of excusable oversight or genuine error."

The Texas Supreme Court has defined "reasonable explanation" to mean "any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Garcia v. Kastner Farms, Inc.,* 774 S.W.3d 668, 669 (Tex. 1989) (quoting *Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex. 1977)). Texas courts have rejected as unreasonable those explanations that show a defendant's conscious or strategic decision to wait to file a notice of appeal, reasoning the explanations did not show inadvertence, mistake, or mischance. *See, e.g., Hykonnen v. Baker Hughes Bus. Support Servs.,* 93 S.W.3d 562, 563-64 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

This Court has previously held that failing to comply with a deadline as a result of settlement negotiations is not a "reasonable explanation" but rather a deliberate and intentional choice. *Inman's Corp. v. Transamerica Commercial Fin. Corp.,* 825 S.W.2d 473, 477, 482 (Tex. App. —Dallas 1991, no writ) (op. and op. on reh'g). Barring reconsideration by the Court sitting en banc or contrary intervening authority from the supreme court, prior panel decisions remain binding on all future panels.

Considering the facts upon which appellant relies and this Court's prior holding, we must conclude that appellant has failed to provide a reasonable explanation for the delay. We deny appellant's motion to extend time to file notice of appeal. Without a timely filed notice of appeal,

this Court lacks jurisdiction. TEX. R. APP. P. 25.1(b).  Accordingly, we dismiss this appeal for lack of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).

_/David J. Schenck/_
DAVID J. SCHENCK
JUSTICE

171336F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REAL ESTATE ARBITRAGE
PARTNERS, LLC, Appellant

No. 05-17-01336-CV      V.

GREG GUTMAN, Appellee

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-01809.
Opinion delivered by Justice Schenck,
Justices Lang and Fillmore participating.

In accordance with this Court's opinion of this date, we **DISMISS** this appeal.

It is **ORDERED** that appellee Greg Gutman recover his costs, if any, of this appeal from appellant Real Estate Arbitrage Partners, LLC.


Judgment entered this 27th day of February, 2018.