

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00282-CV

———————————————

SALVADOR OIL, LLC AND DARTEX ENERGY CORPORATION, Appellants

V.

RIOTEX SWABBING, INC., Appellee

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2018-002492-2

Before Birdwell, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellants Salvador Oil, LLC and Dartex Energy Corporation filed a late notice of appeal from the trial court's July 30, 2018 judgment.[1] But they filed the notice of appeal, along with a motion to extend the time to file it, within fifteen days after the due date, which gives them an opportunity to explain the late filing. *See* Tex. R. App. P. 10.5(b)(1)(C), 26.3. In the motion to extend, counsel's only explanation for the late filing is that he "received instructions from Appellants to file an appeal in . . . this case at the deadline."

The motion does not reasonably explain the need for an extension. *See* Tex. R. App. P. 10.5(b)(1)(C). "[A] reasonable explanation is 'any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)). "Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance." *Id.* at 887. The motion does not explain why appellants waited until "the deadline" to instruct counsel to file the notice of appeal. A deliberate or intentional decision to delay filing an appeal does not entitle a party to an extension. *See Stephens v. Stephens*, No. 2-10-197-CV, 2010 WL 3433108, at *2 (Tex. App.—Fort Worth Aug. 31, 2010, no pet.) (mem.

---

[1]The notice of appeal was due August 29, 2018, but appellants did not file it in the trial court until September 4, 2018.

2

op.) ("[I]ntentionally choosing to delay the filing of a notice of appeal until the trial court disposes of a motion for new trial does not excuse the failure to timely file a notice of appeal."); *Amegy Bank of Texas, N.A. v. Titan Servs., LLC*, No. 2-09-420-CV, 2010 WL 87095, at *1 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (mem. op.) ("Here, Appellant's explanation in the motion does not indicate an unawareness of the deadline for filing a notice of appeal, a misunderstanding of applicable appellate rules, or a miscommunication between counsel and clients."); *Inman's Corp. v. Transamerica Commercial Fin. Corp.*, 825 S.W.2d 473, 477 (Tex. App.—Dallas 1991, no writ) ("Should an appellant, cognizant of a deadline, fail to decide, the deadline decides the issue by default.").

Although we are to construe explanations liberally in this context, *see Hone*, 104 S.W.3d at 886–87, appellants' explanation does not show inadvertence, mistake, or mischance and, by failing to explain why appellants waited until the deadline to instruct counsel to file the notice of appeal, is tantamount to no explanation at all. *See Hall v. U.S. Bank Nat'l Ass'n*, No. 03-09-00010-CV, 2009 WL 2914245, at *2 (Tex. App.—Austin June 5, 2009, pet. dism'd w.o.j.) (mem. op.). Therefore, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Linville v. Leuty Avenue Apartments*, No. 02-18-00186-CV, 2018 WL 3763934, at *1 (Tex. App.—Fort Worth Aug. 9, 2018, no pet. h.) (mem. op.).

Per Curiam

Delivered: October 11, 2018

3